Evelyn L. HUVAR, Individually and as Next Friend of Sharon Huvar, Appellant,

v.

**REX CORPORATION OF SAN ANTONIO,** Appellee.

No. 14343.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 3, 1965.

Park Street, Patrick J. Pape, San Antonio, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a summary judgment granted the defendant in a slip and fall case. Appellant, Evelyn L. Huvar, brought this suit to recover individually and as next friend of her minor daughter, Sharon Huvar, for damages sustained when Sharon fell on the premises of the Rex Apartments, which were owned and operated by appellee.

Appellee pleaded only a general denial and no affirmative defenses are involved on this appeal. Rule 94, Texas Rules of Civil Procedure. Appellee urges that the deposition of Sharon shows that, as a matter of law, it breached "no duty" to her, in that the condition of the floor where Sharon fell was open and obvious. The trial court sustained appellee's motion for summary judgment which was based solely upon this deposition and entered a take-nothing judgment in the case.

Mrs. Huvar and her fifteen-year-old daughter, Sharon, were tenants of the Rex Apartments for several months prior to Sharon's fall. On this occasion, Sharon had gone to another tenant's apartment which, although a part of the Rex Apartments, was located on the second floor of another building than that occupied by the Huvars. Sharon was leaving that building after her visit when she slipped and fell. It has been held in a case squarely in point, that Sharon occupied the status of an invitee at the time of her fall and appellee occupied the same status as that of a landowner. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962).

Although the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees, the holdings of the Supreme Court are that ordinarily a plaintiff invitee cannot recover if he knows of the condition, realizes and appreciates the danger, or is charged in law with such knowledge, realization and appreciation. Wesson v. Gillespie, Tex.Sup.Ct., Oct. 7, 1964, 382 S.W.2d

921; Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); Justice Joe Greenhill, Assumption of Risk, Vol. XVI, Baylor Law Review 111.

Sharon described the accident in her deposition as follows: "Well, I had gone up to the apartment, to the upstairs to get some sheet music, and it had been raining that day, and it had stopped. As I walked into the foyer, I noticed—I had mentioned to somebody that was walking behind me how wet everything was, and there was a lot of mud and leaves on the foyer and the steps. So I got the sheet music, and I came back down the steps. I wasn't walking very fast. I don't know exactly how it happened, it happened so fast, but I noticed that as I went over the last step, I slid, and I hit the window." Sharon also testified that this was the first time she had been to this apartment and that she stayed there about ten to fifteen minutes.

The question of when an invitee is charged in law with knowledge, realization and appreciation of a dangerous condition was considered by the Supreme Court recently in Wesson v. Gillespie, supra. The Court expressly approved the holding in Triangle Motors v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953), that one exposure to a dangerous condition may not relieve the owner of his duty to eliminate the danger to warn the invitee.

There was no evidence that Sharon had any difficulty with the floor or stairway on her way to the apartment or any evidence which would show that she realized and appreciated that the mud and leaves created a dangerous condition. We cannot say that Sharon is charged, as a matter of law, by her one walk through the foyer a few minutes before her fall, with the knowledge, realization and appreciation of the dangerous condition created by the leaves and mud in the foyer of the apartment building.

The judgment is reversed and the cause remanded.