**H. E. BUTT GROCERY COMPANY, Appellant,**

v.

**Mrs. Effie QUICK et vir, Appellees.**

**No. 14421.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 10, 1965.

Groce, Hebdon, Fahey & Smith, Ray A. Weed, San Antonio, for appellant.

Carter, Callender & Onion, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from an order overruling appellant's plea of privilege in a suit to recover damages allegedly sustained by Mrs. Quick when she slipped and fell on a ramp located on premises occupied by appellant. Venue was maintained in Bexar County under Subd. 9a, Art. 1995, Vernon's Ann.Civ.Stats., after a non-jury trial.

The primary question presented by this appeal is whether or not appellant breached any duty it owed to Mrs. Quick.

On the night of November 13, 1962, Mrs. Quick and her husband went to appellant's retail grocery store which was located near their home in the City of San Antonio. While her husband was paying for the groceries, Mrs. Quick left the store and started down a ramp located in front of one of the doors of the store. This ramp, which was several feet wide, extended at about a thirty degree angle from the parking area to a concrete sidewalk, six to nine inches high, which went around the store building. When Mrs. Quick stepped on the ramp, her foot slipped and she fell on her back.

It is settled law that the defendant occupier owed the duty to Mrs. Quick as an invitee to keep the premises in a reasonably safe condition. This included the duty to inspect and to discover dangerous conditions. Its duty was to protect its invitees from dangers of which it, the occupier knew, or (because of its duty to inspect) should have known, in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex. 1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Justice Greenhill, Assumption of Risk, Vol. XVI Baylor Law Review 111. Under the "no duty" doctrine a plaintiff invitee ordinarily cannot recover if she knows of the condition and realizes and appreciates the danger, or is charged in law with such knowledge, realization and appreciation. Wesson v. Gillespie, 382 S.W.2d 921 (Tex. 1964); Huvar v. Rex Corp. of San Antonio, Tex.Civ.App., 387 S.W.2d 82, no wr. hist.

Appellant urges that this ramp was seen by Mrs. Quick prior to her fall and that the dangers incident to use of the ramp were open and obvious to her. In Contreras v. H. E. Butt Grocery Co., 328 S.W.2d 469, wr. ref., this Court held that where every condition which existed with respect to the ramp was open and obvious to and understood by Mrs. Contreras before she knowingly walked upon the ramp, a summary judgment was properly granted for the defendant store.

The testimony of Mrs. Quick is distinguishable from that in the Contreras case, supra. Mrs. Quick testified that, although the ramp looked all right, there was a slick place near the center of the ramp and that this place, which was as slick as glass, caused her to fall. There was testimony that the ramp which had been constructed of asphalt material in 1953 had become slick in this place through continual operation of grocery carts on same. Mrs. Quick's daughter, who examined the ramp the morning after her mother's fall, testified that there was an area near the center of the asphalt ramp which was worn down slick as glass. This slick area was discovered by her when she rubbed the ramp with her foot.

Mrs. Quick denied using this ramp prior to her fall, and denied any prior knowledge of the slick place on the ramp. The accident occurred after dark and the lights were behind her as she started down the ramp.

The trial judge in overruling defendant's plea of privilege impliedly found that Mrs. Quick did not have knowledge, realization and appreciation of the dangerous condition created by the slick place on the ramp prior to the time of her fall. We cannot say from this record that Mrs. Quick was charged with such knowledge, realization and appreciation as a matter of law.

The judgment is affirmed.