**Annie Lorene PRICE et vir, Appellants,**

**v.**

**MINYARD'S FOOD STORES, INC.,**
**Appellee.**

**No. 17006.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 26, 1968.

---

1. Employers Casualty Co. v. Mitchell, Gartner & Walton, 84 S.W.2d 862, (Tex.Civ.App.—Fort Worth, 1935).

Bill Glasby, Mesquite, for appellants.

Frank Betancourt of Gardere, Porter & DeHay, Dallas, for appellee.

DIXON, Chief Justice.

Appellants Annie Lorene Price and husband Otis Lynn Price sued Minyard's Food Stores, Inc. to recover damages for personal injuries sustained by Mrs. Price when she stumbled over a small box of merchandise lying on the floor near the center of an aisle in appellee's supermarket.

Appellee filed a motion for summary judgment in which motion it asserts (1) that it breached no duty it owed to Mrs. Price; and (2) that Mrs. Price was guilty of contributory negligence as a matter of law in that she failed to keep a proper lookout. The trial court sustained appellee's motion and rendered summary judgment that appellants take nothing by their suit.

The record consists only of the pleadings and the deposition of Mrs. Price. In a footnote hereto we quote material parts of her testimony.[1] We summarize her testimony in general in the following paragraphs.

1. "A Tall boxes stacked up there * * * then they had a place where you could go through and walk up and down and look for your items, * * * and I had went through the clearing in between those tall boxes— * * * and I was looking for the different items, and, you know, at the picnic items, * * * and

On Friday, July 22, 1966, Mrs. Price accompanied by her two sons, aged thirteen and nine years respectively, entered appellee's store to make a number of purchases. Her residence was close to the store. She had shopped there many times before—in fact she or one of her boys went there nearly every day to make purchases. On the occasion in question the older boy was pushing the cart onto which Mrs. Price was loading the items she intended to purchase. The premises were well lighted. The floors were clean. Boxes were stacked all over the store. Mrs. Price was aware that appellee's employees were "putting out" merchandise, though at the time there were "no boys around putting out anything."

The accident occurred in a wide aisle. A number of large boxes were stacked in a row close to the center, but not exactly in the center of the aisle. On one side of the row of stacked large boxes there was space enough left for the cart to be pushed through. On the other side there was space enough for a person to walk through, but not space enough to push the cart through. The large boxes in the row were stacked waist high or higher. Mrs. Price saw them. But close to the end of the row of large boxes a small box, eight or ten inches high, was lying on the floor by itself. She did not see this small box. She stopped at a display counter to pick up some picnic supplies. She was on the narrow side of the aisle past the row of large stacked boxes. She stepped back from the display counter, not knowing that the small box was in the space back of her. She tripped and fell backward over the small box, sustaining serious injuries.

Mrs. Price says that she did not see the small box because it was hidden from view by the stack of larger, taller boxes. She came down the narrow side of the aisle, saw the stack of large boxes, but the small short box beyond them she did not see because it was out of sight as she approached the picnic supply counter. She was not looking at the floor. She was looking at the merchandise. At the time of the accident she had picked up some paper plates from the picnic counter and was carrying them in her arms. She stepped back before turning around, intending to go to the candy counter

I went down to price the paper items, and I stepped back up and I was going to go back up and get the boys some candy, and this box was down there by itself and I didn't see it and I hit it and fell over it.

"Q How was it hidden?

"A Well, these tall boxes was up above it and this box wasn't too awful large; and it was sitting there, all by itself, kind of back, you know? * * * And the bigger boxes, with the smaller one hid because it was kind of skooted over this way and the bigger boxes was kind of like that (indicating with hands) and I thought I was stepping in this candy aisle but I wasn't, and I fell over it.

\* \* \* \* \*

"Q How tall were the boxes stacked up?

"A Oh, some of them were higher than my head or as high as my head.

\* \* \* \* \*

"Q And where were you, in the large part where the cart was being pushed, or were you—

"A No, sir.

"Q In the smaller part?

"A I were in the smaller where I went though this opening and went in there and I came back then through there to look at the paper items and I didn't notice that little box sitting there.

"Q All right.

"A And I never did see it.

"Q Now, it was sitting apart from the other boxes?

"A Well, yes, * * *.

\* \* \* \*

"Q Was there anything to prevent you from seeing that box?

"A Well, those other boxes, you couldn't have saw it.

"Q Well, you could see the other boxes?

"A Yes, sir.

"Q And you say they obstructed your view of this box?

"A Yes.

\* \* \* \* \*

"Q There was nothing, though, to prevent you from seeing the other boxes that were stacked up there?

"A No, no; they were above my waist and where anyone could see them."

on the other side of the aisle. She had not been down that aisle before on this particular day.

In two points on appeal appellants argue (1) that the facts do not present a situation in which appellee may be exonerated under the "no duty" doctrine; and (2) that the trial court erred in holding that Mrs. Price was guilty of contributory negligence as a matter of law in that she failed to keep a proper lookout. In counterpoints appellee takes the opposite positions.

■ In deciding whether the testimony of Mrs. Price presents fact questions we must bear in mind certain rules laid down by our Supreme Court in regard to summary judgments. The burden of proof is on the movant. All doubts and uncertainties as to the existence of a genuine issue as to a material fact are to be resolved against the movant. The evidence must be viewed in a light most favorable to the party opposing the motion. The evidence which tends to support the position of the party opposing the motion is to be accepted as true. The record before the court must establish conclusively that there are no issues of material fact to be decided. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup. 1965); First State Bank of Monahans v. Henderson, 377 S.W.2d 96, 99 (Tex.Civ. App., El Paso 1964, no writ); Zapffe v. McElroy, 364 S.W.2d 299, 300 (Tex.Civ. App., Dallas 1963, no writ); Pattison v. Highway Ins. Underwriters, 292 S.W.2d 694 (Tex.Civ.App., Galveston 1956, writ ref'd n. r. e.); Felker Lbr. Co. v. Superior Ins. Co., 272 S.W.2d 161 (Tex.Civ.App., Texarkana 1954, writ ref'd n. r. e.); Neigut v. McFadden, 257 S.W.2d 864 (Tex.Civ. App., El Paso 1953, writ ref'd n. r. e.); Whelan v. State, 252 S.W.2d 271, 273 (Tex. Civ.App., Texarkana 1952, no writ).

■ It is in the light of the above rules that we must consider the undisputed tes-timony of Mrs. Price, the only evidence before us. After careful consideration of her testimony we cannot say that there is no evidence that appellee failed in its duty to keep the premises in a reasonably safe condition for Mrs. Price, who was an invitee. That duty has been described by our Supreme Court in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 378 (Tex.Sup. 1963); Triangle Motors v. Richmond, 152 Tex. 354, 258 S.W.2d 60, 63 (1953); and Scott v. Liebman, 404 S.W.2d 288, 292 (Tex. Sup.1966). See also Briones v. Levine's, Inc., 415 S.W.2d 460 (Tex.Civ.App., Austin 1967, writ ref'd n. r. e.).

It is true that Mrs. Price had been in the store many times, but she testified that she had not been down this aisle before on this particular day. Her testimony is also to the effect that on this particular day the small box lying in the aisle was hidden from her view by the taller stack of large boxes. In Triangle Motors v. Richmond, 152 Tex. 354, 258 S.W.2d 60, our Supreme Court said that it is not the philosophy of Adair[2] that one trip through a hall of dangers which are not open and obvious would relieve the owner of his duty to eliminate the danger or to warn. This statement was reiterated in Wesson v. Gillespie, 382 S.W.2d 921, 926 (Tex.Sup.1964), though it was held to be inapplicable under the facts of that case. See also Huvar v. Rex Corp., 387 S.W.2d 82 (Tex.Civ.App., San Antonio 1965, no writ). As we see it the undisputed testimony of Mrs. Price raises a fact issue in this summary judgment proceeding.

We come now to appellants' second point of error—that the court erred in holding as a matter of law that Mrs. Price was guilty of contributory negligence in that she failed to keep a proper lookout. We have concluded that this point should be sustained.

■ There are instances when it is correct to hold that a plaintiff has been guilty of contributory negligence as a matter of

2. The court was referring to the opinion in Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948).

law. But such instances are rare. The issue of negligence, either primary or contributory, is usually a question of fact. This is true even when the basic facts are undisputed if the inferences that might be drawn from the undisputed facts are such that reasonable minds might differ on the ultimate question whether the conduct under consideration constituted negligence. Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224 (1942); McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W. 2d 442, 447 (1941); Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); Texas Power & Light Co. v. Holder, 385 S.W.2d 873, 888 (Tex.Civ.App., Tyler 1964, writ ref'd n. r. e., 393 S.W.2d 821); Gregory v. City of Garland, 333 S.W.2d 869, 874–875 (Tex.Civ.App., Dallas 1959, writ ref'd n. r. e.); Watts v. Dallas Ry. & Term. Co., 279 S.W.2d 400, 403 (Tex.Civ.App., Dallas 1955, writ ref'd n. r. e.).

In Triangle Motors of Dallas v. Richmond, 258 S.W.2d 60, 64, our Supreme Court, speaking through Justice Calvert, held in effect that the question of contributory negligence under the circumstances in that case was a question of fact for the jury, not a question of law. In reaching this conclusion the court cited Texas & Pac. Ry. v. Day, 145 Tex. 277, 197 S.W.2d 332 (1946); Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948); Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357 (1950); Walgreen-Texas Co. v. Shivers 137 Tex. 493, 154 S.W.2d 625 (1941); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1951). We add the following cases: Allen v. F. W. Woolworth Co., 315 S.W.2d 612, 615 (Tex. Civ.App., El Paso 1958, writ ref'd n. r. e.) (momentary forgetfulness, summary judgment case); San Antonio Hermann Sons Home Ass'n v. Harvey, 256 S.W.2d 906, 912 (Tex.Civ.App., Austin 1953, writ ref'd n. r. e.) (proper lookout case).

Among the cases relied on by appellee is Rittenberry v. Robert E. McKee, General Contractor, Inc., et al., 337 S.W.2d 197, 202 (Tex.Civ.App., Dallas 1960, writ ref'd n. r. e.), in which this court held that plaintiff knew of an unguarded elevator shaft, but voluntarily chose to work notwithstanding his awareness of the dangerous condition. Yet he walked several feet backward into the opening. We held that he was guilty of contributory negligence as a matter of law. Rittenberry had even warned two fellow employees about the danger of the open elevator shaft.

■ The Rittenberry case is not in point here. Mrs. Price testified that she did not know that the little box was back of her because it was hidden back of the row of taller, larger boxes. Whether under the circumstances she should have known of its presence is another question—a question which, so far as this summary judgment is concerned, is a fact issue.

In our decision here we are passing only on the propriety of the summary judgment under the record before us. We certainly are not attempting to say what the effect of additional evidence might be. In later proceedings if additional evidence is adduced it will have to be weighed anew.

Appellants' points on appeal are sustained. Appellee's counterpoints are overruled.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.