**HELDT BROS. TRUCKS, Appellant,**

v.

**TESORO PETROLEUM CORPORATION, Appellee.**

No. 14927.

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1970.

Rehearing Denied Feb. 3, 1971.

**632**

---

Lloyd, Lloyd, Ellzey & Lloyd, Alice, Mann, Castillon, Freed & Kazen, Laredo, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, Heldt Bros. Trucks, a partnership, has perfected this appeal from an order overruling its plea of privilege in appellee's suit to recover from appellant and John H. Stahl for damages sustained in a collision in Dimmit County between its truck-trailor and a truck trailor operated by Antonio Gonzalez in the scope of his employment for Heldt Bros. after the latter truck had struck a bull owned by Stahl. The trial court determined after a non-jury trial that venue was maintainable in Dimmit County under Subdivisions 4, 9a, and 29a of Article 1995, Vernon's Annotated Civil Statutes, and overruled appellant's plea of privilege. No formal findings of fact or conclusions of law were filed. The parties will be referred to as in the trial court.

Heldt Bros. asserts by six assignments of error that plaintiff failed to establish the requisite venue facts under any of these three exceptions; and therefore, its plea of privilege was improperly overruled. Since it was stipulated that defendant Stahl lives in Dimmit County where the suit was filed, Subdivision 29a. does not apply. 1 McDonald, Texas Civil Practice,

Section 4.10.1 (Rev.1965). However, both Subdivisions 4 and 9a. apply to the cause of action alleged by plaintiff, and we are here concerned only with whether or not there is sufficient evidence to support the implied findings by the trial court of the venue facts required for either of these two exceptions to the venue statute.

The venue facts which plaintiff was required to prove by a preponderance of the evidence to sustain venue under Subdivision 9a. are: (1) That an act or omission of negligence occurred in Dimmit County. (2) That such an act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment. (3) That such negligence was a proximate cause of plaintiff's injuries. 1 McDonald, Texas Civil Practice, Section 4.17.2 (Rev. 1965); Spoon v. Penix, 422 S.W.2d 167, 168 (Tex.1967); Winborn v. Mayo, 434 S.W.2d 207 (Tex.Civ.App.—San Antonio 1968, no writ); Reynolds & Huff v. White, 378 S.W.2d 923, 927 (Tex.Civ.App. —Tyler 1964, no writ).

The accident occurred after dark on April 30, 1969, on U. S. Highway No. 83 near Carrizo Springs. Plaintiff's truck was being driven by its employee, Wayne Horton, in a southerly direction; and Heldt Bros.' truck was being operated by Antonio Gonzalez, in a northerly direction. Only Wayne Horton testified relative to the facts of the accident. Horton testified that as the trucks were meeting, and after each driver had dimmed his headlights, he saw a shadow in front of his lights. He started slowing down and pulling to his right shoulder. The headlights on the Heldt Truck bounced, and then the truck came to Horton's side of the roadway. Horton hit his brakes hard, and just before a head-on collision occurred, turned his cab to his left so that the vehicles collided at a slight angle. The point of impact was in the south bound lane of the roadway, and at such time the Heldt Bros.' rig was straddling such lane and the west shoulder.

Horton further testified that when the headlights of the approaching truck bounced, he thought the truck had hit a deer. After the accident, he discovered a bull under the tail end of his trailer. Horton testified that the bull belonged to Stahl, and that Stahl later came to the scene and verified that the bull belonged to him. Horton expressed the opinion that the bull had been first struck by the Heldt Bros. truck in the north bound lane, and the trucks would have safely passed if the bull had not been struck.

Horton's testimony was not contradicted in any way by Gonzalez or any other witness, and we conclude that same fully supports an implied finding of negligence on the part of Gonzalez, which was a proximate cause of the accident and damage to plaintiff's truck. The collision occurred on Gonzalez' left hand side of the highway. It is true that the facts of the accident would undoubtedly raise an issue of excusable violation,[1] but we cannot say that same was established as a matter of law. Furthermore, the testimony of Horton that he saw the shadow of the bull in time to take evasive action would support an implied finding that Gonzalez was not keeping a proper lookout, as he took no such action. There is sufficient evidence to support an implied finding that each of such acts of negligence was a proximate cause of the subsequent collision with plaintiff's truck-trailer. The Heldt Bros.' truck was clearly marked, and no issue is raised on this appeal that Gonzalez was not in the scope of his employment.

We conclude that the trial court properly sustained venue in Dimmit County under Subdivision 9a., supra. It is therefore unnecessary to discuss whether venue is also maintainable under Subdivision 4, supra, by reason of the cause of action against defendant Stahl as owner of the bull. Clearly, Heldt Bros. would be a *proper* party to such a suit and could be sued in Dimmit County under this exception, if the cause of action was proven against Stahl. See 1 McDonald, Texas Civil Practice, Section 4.10.2 (Rev.1965); Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

The judgment of the trial court is affirmed.

---

1. See Hammer v. Dallas Transit Co., 400 S.W.2d 885 (Tex.1966).