**H. E. BUTT GROCERY COMPANY, d/b/a HEB Food Stores, Appellant,**

v.

**Mercedes D. MARROQUIN, Appellee.**

**No. 14978.**

Court of Civil Appeals of Texas, San Antonio.

May, 5, 1971.

Damon Ball, Groce, Hebdon, Fahey & Smith, San Antonio, for appellant.

Fritz K. Knust, San Antonio, for appellee.

BARROW, Chief Justice.

A venue action involving Subdivision 9a, Article 1995, Vernon's Annotated Civil Statutes. Plaintiff, Mercedes D. Marroquin, brought suit to recover for damages allegedly sustained in a "slip and fall" on

some slippery substance which was on the floor of one of defendant's grocery stores in San Antonio. Defendant's plea of privilege to transfer said cause to its residence in Nueces County was overruled after a non-jury trial. Defendant urges that there is no evidence or insufficient evidence to support the implied findings of the trial court that the negligence of defendant or its employees was a proximate cause of such fall.

■ The occupier of premises owes a duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees, or to warn of the hazard. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex. 1968). This includes the duty to inspect and to discover dangerous conditions. His duty is to protect his invitees from danger of which he, the occupier, knows or (because of his duty to inspect) should know in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); McKee, General Contractor, Inc. v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); H. E. Butt Grocery Company v. Quick, 442 S.W.2d 798 (Tex.Civ.App.— San Antonio 1969, writ ref'd n. r. e.).

■ Thus in a slip and fall action, the plaintiff must establish that: (1) the defendant put the foreign substance on the floor; or (2) defendant knew that foreign substance was on the floor and willfully or negligently failed to remove it; or (3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. H. E. Butt Grocery Company v. Rodriguez, 441 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1969, no writ); H. E. Butt Grocery Company v. Kirkwood, 384 S.W.2d 790 (Tex.Civ.App.—Corpus Christi 1964, no writ); H. E. Butt Grocery Company v. Johnson, 226 S.W.2d 501 (Tex.Civ.App.— San Antonio 1949, writ ref'd n. r. e.).

Here there is no contention that defendant or its employees put the substance on the floor or that they knew it was on the floor. Cf. H. E. Butt Grocery Company v. Vaught, 413 S.W.2d 940 (Tex.Civ.App.— San Antonio 1967, writ dism'd). Nor is there any direct evidence that it had been upon the floor for such period of time that defendant, or its employees, acting as reasonably prudent persons in the exercise of ordinary care, should have discovered it. The issue before us is thus narrowed as to whether there is circumstantial evidence of probative force to support the implied finding of the trial court to this effect.

Plaintiff was the only witness at the hearing. She testified that she fell because the floor was wet with fruit juice, and it was very slippery. She assumed it was fruit juice because there were bottles of juice nearby, and there was broken glass in the wet place. She did not testify that she identified the broken container. She testified that, "It must have been there quite awhile because it is already sticky." On cross-examination, she admitted that she didn't know what was on the floor, "I only saw that it was wet and sticky." There were many customers in the area, but no employees of defendant.

■ We conclude that there is no evidence of probative force to support an implied finding that the foreign substance had been upon the floor for such period of time that defendant, or its employees, acting as reasonably prudent persons in the exercise of ordinary care, should have discovered it. Plaintiff's testimony that it must have been there a long time because it was sticky was based upon the inference, unsupported by evidence, that it was fruit juice, and that fruit juice would not become sticky until after it had been upon a floor for a long time.

Plaintiff failed to establish that defendant, or its employees committed an act of negligence in Bexar County which was a proximate cause of her fall. Therefore, the trial court erred in sustaining venue under Subdivision 9a, supra.

The judgment of the trial court is reversed and here remanded to the trial court with instructions to transfer such cause to one of the district courts of Nueces County, Texas.