H. E. BUTT GROCERY COMPANY,
Appellant,

v.

Sulura DORN, Appellee.

No. 15166.

Court of Civil Appeals of Texas,
San Antonio.

April 11, 1973.

**240**

———◆———

Groce, Locke & Hebdon, San Antonio, for appellant.

Tinsman & Houser, Inc., Gordon W. Jones, San Antonio, for appellee.

KLINGEMAN, Justice.

A venue case. Plaintiff, Sulura Dorn, sued H. E. Butt Grocery Company to recover damages for injuries allegedly sustained by her due to certain acts of negligence of defendant while she was a customer in one of defendant's stores in Bexar County on April 9, 1971. Defendant timely filed its plea of privilege to be sued in Nueces County, Texas, where it has its residence and principal place of business. Plaintiff controverted such plea relying on Subdivisions 9a and 23 [1] of Article 1995,

Vernon's Tex.Rev.Civ.Stat.Ann. The trial court, without a jury, after hearing the evidence, overruled defendant's plea of privilege. No findings of fact or conclusions of law were requested of, or filed by, the trial court.

■ In order to sustain venue under Subdivision 9a in a county other than the county of defendant's residence, it is necessary for plaintiff to establish by a preponderance of the evidence that: (1) an act or omission of negligence occurred in the county where the suit was filed; (2) such act or omission was that of defendant or its servant, agent or representative acting within the scope of his employment; and (3) such negligence was the proximate cause of plaintiff's injuries. Article 1995, Subdivision 9a; General Motors Corp. v. Brady, 477 S.W.2d 385 (Tex.Civ.App.—Tyler 1972, no writ); Bledsoe v. Yarborough, 422 S.W.2d 222 (Tex.Civ.App.—Tyler 1967, no writ); Sunset Brick & Tile, Inc. v. Miles, 417 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1967, no writ).

Defendant asserts that the trial court erred in overruling defendant's plea of privilege because: (a) there was no evidence of the existence of a dangerous condition on defendant's premises; (b) there was no evidence that defendant should have realized that such condition involved an unreasonable risk of harm to plaintiff; (c) there was no evidence that defendant should have suspected that plaintiff would not discover or realize the danger, if any, or fail to protect herself against it; (d) there was no evidence of any negligence on the part of defendant; (e) there was no evidence that it was foreseeable that plaintiff should sustain any injury on account of the condition in existence; (f) the condition in question was open and obvious, and no duty was owed to plaintiff;

---

1. Suits against a private corporation may be brought in the county in which its principal office is located, or in the county in which the cause of action or part thereof arose, or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency or representative in such county.

and (g) plaintiff failed to negative the issue of sole proximate cause.

The parties stipulated that at all material times defendant had an agent or representative in Bexar County, Texas. It is undisputed that plaintiff resided in Bexar County, Texas, at the time of the incident complained of; and that the complained of incident occurred in a store in Bexar County, Texas, occupied and operated by defendant; and that at the time of such incident plaintiff was in defendant's store as a customer.

 It is undisputed that plaintiff was on the premises as a business invitee of defendant. The occupier of lands or premises is required to keep his lands or premises in a reasonably safe condition for his invitees. This includes the duty of the occupier to inspect and discover dangerous conditions. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962); Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425 (1950). His duty is to protect the invitee from dangers of which he, the occupier, knows of or (because of his duty to inspect) of which he should know in the exercise of ordinary care. If there are any dangers which are not open and obvious, he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom, or to warn them thereof. But if there are open or obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes the invitees "no duty" to warn or protect them. This is so because there is no duty to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation of them. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); El Rancho Restaurants, Inc. v. Garfield, 440 S.W.2d 873 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.); H. E. Butt Grocery Co. v. Quick, 396 S.W.2d 541 (Tex.Civ.App.—San Antonio 1965, no writ).

There were only three witnesses. Plaintiff testified that on April 9, 1971, she went into defendant's store in Bexar County, Texas, purchased some groceries, and went to one of the check-out lanes to pay for such groceries and leave. While standing in line, an employee of defendant came over, got her basket, and pulled it over to another check-out lane (which is referred to in the testimony as the "express lane"), with plaintiff following. After plaintiff's purchases were checked and packaged, as she was in the process of leaving through the check-out lane, something struck and cut her leg. She then saw, for the first time, some kind of machine on the floor next to her leg, which she had not seen at the counter.

Mrs. Galdys Webb, a witness for plaintiff, testified that she was standing behind plaintiff as plaintiff was being checked out, during which time she never heard plaintiff say anything about being in a hurry. After plaintiff's purchases were packaged, she saw plaintiff begin to leave the check-out lane; and the next thing she knew, a machine of some kind, which was about a foot long, fell. She heard plaintiff cry out in pain and saw that her left leg was bleeding; that when she first saw the machine it was on the floor; that she did not know where it came from; and that the machine was large enough that she had no trouble seeing it on the floor. Mrs. Webb further testified that her view of the counter was blocked because plaintiff was in front of her, but that considering the size of the machine, if she had looked at the counter, and if the machine had been on it, she was sure that she would have seen it.

The only other witness was Arthur Lopez, who was assistant manager of the store in question at the time of the incident. He testified that at the time of the incident he was in the office, which was situated adjacent to the express check-out lane, of which he had a clear view; that at such time such check-out lane was closed because it was being cleaned out by an em-

ployee of defendant, Mrs. Beverly May; that Mrs. May had removed various items from under the counter and placed them on top of the counter; and that one of these items was a charge plate machine which was 11 to 12 inches long, about 4½ inches wide, and about 2 inches high, and which machine had a rubber bottom. Mr. Lopez further testified that while he was standing in the office, plaintiff yelled and asked if she could be checked out right away because she was in a hurry; that seeing that plaintiff had only a few items, he told Mrs. May to go ahead and check her out in such express lane; that while Mrs. May was doing so, plaintiff placed her purse, which was quite large, on the counter; and that plaintiff saw her bus coming and said, "Hurry, hurry," picked up her purse, started running out, and in doing so knocked the charge plate machine off of the counter with her purse.

Mr. Lopez further testified that the incident occurred during store hours while the store was open for business; that a customer had to use a check-out lane if that person was going to purchase anything; that the machine was on the check-out lane counter, a foot or less from the inner edge of the lane itself, and that the machine was not fastened to the counter; that each checker of a specific lane was responsible for the general condition of the lane and counter; that he had a supervisory capacity in that respect; and that Mrs. May was on duty at the time of the incident.

Mr. Lopez further testified that during his tenure with defendant he had previously seen customers placing personal items on the check-out counters while writing a check or getting their money out to pay for goods purchased in the store.

■ After reviewing the evidence in the light most favorable to plaintiff, which we are required to do, we conclude that there is more than a scintilla of evidence to support the trial court's implied finding that an act of omission or negligence occurred in Bexar County, Texas; that such act or omission was that of defendant's employees acting within the scope of their employment; and that such negligence was a proximate cause of plaintiff's injuries. The trial court, in overruling defendant's plea of privilege, impliedly found that plaintiff did not have knowledge, realization and appreciation of the dangerous condition which caused her injury. We cannot say from the record that the plaintiff was charged with such knowledge, realization and appreciation as a matter of law. Defendant's no-evidence points of error are overruled.

■ We next consider defendant's point of error that the condition in question was open and obvious, and no duty was owed to plaintiff.

Defendant contends that the charge plate machine was large enough that it should have been easily seen by plaintiff; that the presence of such machine and any possible dangers incident to its presence were open and obvious; and that plaintiff was charged as a matter of law with knowledge and appreciation of said condition; and defendant, therefore, owed her no duty.

Without again reviewing the entire applicable evidence, which has heretofore been set forth in some detail, it should be remembered that the machine was placed by defendant's employee on the counter near the area where customers would exit from the check-out lane; that such machine was not attached to the counter in any manner; that plaintiff did not see such machine before it fell, nor did another customer who was in the same check-out lane behind plaintiff; that a customer purchasing merchandise had to exit through one of the check-out counter lanes; and that plaintiff was directed to the counter here involved by one of defendant's employees.

It is plaintiff's primary contention that the precise condition here involved which caused the injuries was the fact that a large machine was placed in a dangerous position, unattached, and that such a condi-

tion was not open and obvious as a matter of law; that the danger here was a latent danger; and that occupier owes a duty to protect invitees from latent dangers. See Massman-Johnson v. Gundolf, Tex., 484 S.W.2d 555 (1972). Defendant stresses that the machine was a large object and should have been seen by plaintiff; but the same argument would be applicable to a cash register on the check-out counter, and a customer who has to exit through such check-out counter lane does not expect such an object to fall off, or be knocked off of such counter by something that he is carrying, and injure him. The dangerous condition here was the placing of such machine in a precarious position without being fastened or attached, so that it would not fall off.

We cannot say as a matter of law that plaintiff knew and appreciated the particular risk here involved, or that such condition was open and obvious as a matter of law. Defendant's point of error No. 4 is overruled.

 By its last point of error defendant contends that the trial court erred in overruling defendant's plea of privilege because plaintiff failed to negative the issue of sole proximate cause. We find no merit in this point of error. "The well settled rule in Texas has been stated in International-Great Northern R. Co. v. Acker, Tex.Civ. App., 128 S.W.2d 506, 521, as follows: 'The issue of sole proximate cause of an injury as distinguished from a proximate cause simply does not arise when the suit is between the injured party or those in privity with him and the party inflicting the injury, but such issue can only arise where it is claimed that the act of a third party was a proximate cause.'" Dallas Transit Company v. Tolbert, 337 S.W.2d 617, 621 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.).

This Court in Smith v. Red Arrow Freight Lines, Inc., 460 S.W.2d 257, 259 (1970, writ ref'd n. r. e.), said: "Our Courts have said that the issue of sole

proximate cause arises only when it is claimed that the act of a third party is the sole cause of the event resulting in plaintiff's injury," citing in support thereof Dallas Transit Company v. Tolbert, supra; Panhandle & Santa Fe Railway Co. v. Ray, 221 S.W.2d 936 (Tex.Civ.App.—Austin 1949, writ ref'd n. r. e.); International-Great Northern R. Co. v. Acker, 128 S.W.2d 506 (Tex.Civ.App.—Eastland 1939, writ dism'd judgmt cor.).

Defendant's seventh point of error is overruled.

The judgment of the trial court is affirmed.