**H. E. BUTT GROCERY STORES, INC.,**
Appellant,

v.

**Agnes NORWOOD, Individually and as Next
Friend of Her Minor Daughter,
Tricia Norwood, Appellee.**

No. 15252.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 23, 1974.

Groce, Locke & Hebdon, Damon Ball, San Antonio, for appellant.

Evans & Marshall, San Antonio, for appellee.

BARROW, Chief Justice.

This is a venue action involving Subdivision 9a of Article 1995, Vernon's Tex. Rev.Civ.Stat.Ann. Appellee, individually and as next friend of her minor daughter, brought this action in Bexar County to recover damages for personal injuries sustained by said minor when the top part of a grocery cart, on which the minor was riding in the child's seat, broke from the bottom part. The trial court, after a non-

jury hearing, overruled appellant's plea of privilege to transfer said cause to Nueces County where its residence and principal place of business is located.

■ To sustain venue in Bexar County under Subdivision 9a, appellee was required to prove by a preponderance of the evidence that: (1) an act or omission of negligence occurred in Bexar County; (2) such act or omission was that of appellant or its servant, agent or representative acting within the scope of his employment; and (3) such negligence was a proximate cause of the minor child's injuries. Heldt Bros. Trucks v. Tesoro Petroleum Corp., 462 S.W.2d 631 (Tex.Civ.App.—San Antonio 1971, writ dism'd); 1 McDonald, Texas Civil Practice, Venue, Section 4.17.-2.

Appellant, hereinafter referred to as defendant, urges on this appeal that there is no evidence that it committed an act of negligence proximately causing the injuries. Specifically, it asserts that there is no evidence of any improper repairs to the cart which were made by it. Furthermore, it urges that there is no evidence of actual or constructive knowledge of any defect on said cart.

■ The accident occurred on April 15, 1971, in defendant's store No. 3, located in San Antonio. It is undisputed that plaintiff and her minor daughter were on the premises as business invitees. The occupier of the premises owes a duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees, or to warn of the hazard. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.1968). This includes the duty to inspect and to discover dangerous conditions. His duty is to protect his invitees from danger of which he, the occupier, knows or (because of his duty to inspect) should know in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963); H. E. Butt Grocery Co. v. Dorn, 494 S.W.2d 239 (Tex.Civ.App.—San Antonio 1973, no writ); H. E. Butt Grocery Co. v. Marroquin, 466 S.W.2d 837 (Tex.Civ.App.—San Antonio 1971, no writ).

Plaintiff alleged that the cart had been previously damaged and improperly repaired by defendant. She also alleged that defendant was negligent in not discovering the faulty grocery cart or in failing to make a prudent inspection of said cart prior to its use.

Two witnesses testified at the hearing. Plaintiff testified that she had gone to this store where she customarily shopped and had placed her two-year-old daughter in the child's seat at the upper rear of the grocery cart. She had selected several items and was in the process of getting a bag of potatoes from the vegetable counter, when the top part of the cart came off and fell with the child. The wheels of the cart were still on the floor, but the basket part, including the child's seat, had broken off. On examination, plaintiff saw that the cart had broken at the place where the top part joined the bottom part. She testified that the break occurred at the site of a weld where the cart had been previously damaged and repaired. Mrs. Lilly Mae Gray, mother of plaintiff, was outside the store at the time of the accident, but went to the scene after the fall. She inspected the cart and determined it had been broken and welded back together. The break occurred at the site of the weld.

There was no direct evidence that the cart had been previously damaged. It was not shown when or by whom the cart was welded. That is, it was not shown whether such weld was made at the time of construction of the cart, or was made in the course of subsequent repairs to this cart. Even if we assume that this cart had been repaired, there is no evidence that the repairs were not properly made and that defendant knew or, by the exercise of ordinary care, should have known of such defective condition. Cf. H. E. Butt Grocery Co. v. Dorn, supra.

Plaintiff concedes that proof that an accident occurred is not of itself evidence of negligence. See: Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195 (1937); Austin Bridge Co. v. Polanca, 300 S.W.2d 173 (Tex.Civ.App.—Eastland 1957, no writ). Yet, nothing has been proven here except that the cart broke at the site of a weld while it was being used for the purpose for which it was intended.[1] This is not evidence of negligence which proximately caused the accident.

The order overruling defendant's plea of privilege is reversed and the cause remanded with instructions to transfer this cause to the District Court of Nueces County, Texas.

---

1. Products liability was not asserted, and we express no opinion regarding same.