**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00933-CV**

———————————

**JOSIE BERGEVIN, Appellant**

**V.**

**O'REILLY AUTO ENTERPRISES, LLC, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 21-CV-1597**

---

## MEMORANDUM OPINION

In this trip and fall case, the trial court granted summary judgment in favor of

O'Reilly Auto Enterprises, LLC, and rendered a take-nothing judgment on Josie

Bergevin's premises liability and negligence claims. In her sole issue on appeal,

Bergevin argues that the trial court erred by granting summary judgment because a

fact issue existed concerning whether a box she tripped over was concealed by larger floor displays in an auto parts store, and thus whether there was an open and obvious condition of which she was aware. We affirm in part and reverse and remand in part.

**Background**

The sparse appellate record shows that in September 2019, Bergevin went to an O'Reilly store to buy car wash products. In the middle of an aisle near the car wash products stood some floor displays approximately three feet high. After selecting her car wash products, Bergevin allegedly turned around and proceeded to walk between the floor displays when she tripped and fell over a box on the floor in between the displays. She alleges that the fall knocked her unconscious. When she awoke, she saw an employee carry away the box. She had not seen the box prior to her fall. Bergevin then allegedly went to the hospital where she was treated for her injuries.

Bergevin filed suit against O'Reilly, asserting two causes of action for negligence and premises liability. O'Reilly filed a traditional motion for summary judgment. In the motion, O'Reilly challenged only Bergevin's premises liability claim. It argued that the floor displays were an open and obvious condition, and therefore it did not owe her a duty to warn about the condition or make it safe. O'Reilly supported its argument with a transcript of Bergevin's deposition and a

2

photograph showing an orange and white advertising sign lying on its side on the floor.[1]

Bergevin filed a response arguing that she tripped over a small box located on the floor between larger floor displays. She argued that the small box was "concealed by the larger displays nearby" and she did not see it before she tripped over it. She argued that after the fall, she saw an employee pick up and remove a box from the area. Bergevin relied on her deposition testimony to support these arguments.

The trial court held a hearing on the summary judgment motion. At the hearing, O'Reilly acknowledged Bergevin's testimony and did not dispute her description of the area where the floor displays were located.

The trial court signed an order granting the motion for summary judgment. The order rendered a take-nothing judgment against Bergevin on all her causes of action. This appeal followed.

**Premises Liability**

In her sole issue on appeal, Bergevin contends that the trial court erred by granting summary judgment on her premises liability claim because O'Reilly did not conclusively establish that the box on the floor was an open and obvious condition

---

[1] The body of O'Reilly's motion also contained a second photograph depicting the area where the floor displays were located. However, the parties agree that this photograph was not introduced as summary judgment evidence. For summary judgment purposes, the parties also agree that the photograph does not accurately depict the area as it existed when Bergevin tripped and fell.

3

or that she had knowledge of it, and therefore a fact issue exists on whether O'Reilly had a duty to make safe or warn her of an unreasonably dangerous condition.[2]

## A. Standard of Review

Appellate courts review a trial court's summary judgment ruling de novo. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023); *Walker v. Eubanks*, 667 S.W.3d 402, 406 (Tex. App.—Houston [1st Dist.] 2022, no pet.). In reviewing a ruling on a traditional summary judgment motion, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Wal-Mart Stores*, 663 S.W.3d at 576 (quotation omitted); *Walker*, 667 S.W.3d at 407.

When, as here, a defendant moves for traditional summary judgment on a plaintiff's claims, the defendant must show that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." *Wal-Mart Stores*, 663 S.W.3d at 583 (quoting TEX. R. CIV. P. 166a(c)) (additional quotation omitted); *Walker*, 667 S.W.3d at 407. If the movant meets this burden, then the burden shifts to the nonmovant to present evidence raising a fact issue. *Wal-Mart Stores*, 663 S.W.3d at 583. "Summary-judgment motions must stand or fall on their

---

[2] O'Reilly did not seek summary judgment on Bergevin's negligence claim, but the trial court's order dismissed all Bergevin's claims. On appeal, Bergevin does not challenge the dismissal of her negligence claim. Accordingly, we affirm the trial court's ruling on Bergevin's negligence claim.

own merits, and the nonmovant has no burden unless the movant conclusively establishes its cause of action or defense." *Id.*

**B.    Governing Law**

To establish a claim for premises liability, an invitee must demonstrate that (1) a premises owner had actual or constructive knowledge (2) of some unreasonably dangerous condition on the premises, (3) but the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, (4) which proximately caused the plaintiff's personal injuries. *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024) (per curiam).

A landowner owes a duty to invitees to make safe or warn against any concealed, unreasonably dangerous condition of which the landowner is or reasonably should be aware but the invitee is not.[3] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). A landowner has no duty, however, to make safe or warn of unreasonably dangerous conditions that are open and obvious or otherwise known to the invitee. *Id.* A landowner is not in a better position than the invitee to discover a condition that is open and obvious. *Id.* And when an invitee knows of a dangerous premises condition, either because the danger is obvious or because the

---

[3]    The parties do not dispute that O'Reilly is the "landowner" of its store and that Bergevin was an "invitee" when the incident occurred. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) ("An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both.") (internal quotations and citation omitted).

landowner warned of it, the condition will generally no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, such as by declining an invitation to enter the premises. *Id.* A landowner's duty to invitees is not absolute, and the landowner "is not an insurer of [a] visitor's safety." *Id.* (quotation omitted).

## C.    Analysis

Bergevin argues that her uncontroverted testimony established that she tripped over a box located on the floor between larger floor displays; the larger floor displays concealed the box from her view; and she had no knowledge of the box prior to her fall. O'Reilly argues that Bergevin tripped over the floor displays, which were open and obvious and of which she was aware, and therefore it did not owe her a duty to warn of the displays or make them safe.

O'Reilly made the same argument in its summary judgment motion. To support this argument, O'Reilly relied on Bergevin's deposition testimony and a photograph.

Bergevin testified at her deposition that she had not previously been in the O'Reilly store. After obtaining car wash products near the floor displays, she turned around and "went in between two displays because there was an opening there between the two displays." The two displays were "three feet high or so." As she "walked in between the two displays, [she] tripped over a box," fell, and lost

6

consciousness. She testified that "the height between the two displays hid that box that was on the ground." The "box that [she] tripped over was on the ground and not visible to [her]," and she "never saw the box on the ground because it wasn't at visual sight." After her fall, a store employee "picked up the box that [she] fell over" and "took the box away."

The photograph showed an orange advertising sign lying on its side on the floor. Bergevin testified that she took this photograph immediately after her fall, although she testified that she tripped over a box, not the sign. It is unclear from her deposition testimony whether the fallen orange sign was on top of the box she tripped over or the larger floor display.

As the traditional summary judgment movant, O'Reilly bore the burden to establish that no genuine issue of material fact existed concerning whether the dangerous condition alleged by Bergevin—the box on the ground—was open and obvious or known to Bergevin such that O'Reilly did not have a duty to make the condition safe or warn her of it. *See Wal-Mart Stores*, 663 S.W.3d at 583 (quoting TEX. R. CIV. P. 166a(c)); *Austin*, 465 S.W.3d at 203. We agree with O'Reilly that the floor displays surrounding the box Bergevin allegedly tripped over were open, obvious, and known to her. *See Austin*, 465 S.W.3d at 203. Bergevin testified that the floor displays were approximately three feet high. She also testified that after gathering her car wash products, she intended to walk between the displays.

7

Therefore, prior to her trip and fall, Bergevin was aware of the floor displays surrounding the box she tripped over, and these displays were open and obvious.

However, we disagree with O'Reilly to the extent it argues that Bergevin tripped over the floor displays. To the contrary, Bergevin testified that she tripped over a box located on the floor between the conspicuous floor displays, not the floor displays themselves. She testified that the displays were approximately three feet high and concealed the box on the floor. She also denied that she saw the box before tripping and falling over it. She testified that a store employee removed the box from the area after she fell.

O'Reilly also argues that the advertising sign depicted in the photograph was on top of the box Bergen tripped over, and this fact along with its orange color made the box's presence on the floor open and obvious to her. However, Bergevin's testimony was not clear whether the orange sign was on top of the box she tripped over or on top of one of the floor displays. Thus, a fact issue exists concerning the location of the sign. This matters little to our analysis, however, because Bergevin's testimony was clear that the box she tripped over was hidden from her view:

- "I know there was another display on the other side of that box because when I fell I tripped over that box and the height between the two displays hid that box that was on the ground."
- "You couldn't see that it was there because there were two displays at three feet high or so and then the box that I tripped over was on the ground and you couldn't see it visually coming into the aisle and I didn't know the box was there. . . ."

- "I never saw the boxes on the ground because the picture you're showing me it's not what I saw."
- "[T]he box that I tripped over was on the ground and not visible to me."

O'Reilly did not produce any evidence controverting Bergevin's testimony. Therefore, the uncontroverted summary judgment evidence establishes that Bergevin tripped and fell over a box that was concealed by larger floor displays, and she did not see the box before she tripped over it. As a result, O'Reilly did not meet its burden to establish that no genuine issue of material fact existed concerning whether the box was open and obvious or whether Bergevin was aware of the box before she tripped over it. *See Wal-Mart Stores*, 663 S.W.3d at 583 (quoting TEX. R. CIV. P. 166a(c)); *Austin*, 465 S.W.3d at 203.

We agree with Bergevin that the Dallas Court of Appeals' decision in *Price v. Minyard's Food Stores, Inc.* supports this conclusion. *See* 424 S.W.2d 51 (Tex. App.—Dallas 1968, no writ). There, Price tripped and fell over a box while shopping at the supermarket. *Id.* at 52, 53. She sued the supermarket, and the supermarket moved for summary judgment, which the trial court granted. *Id.* at 52. The supermarket's sole summary judgment evidence was a transcript of Price's deposition testimony. *Id.*

Price testified that she was shopping at the supermarket while employees were restocking the store, and boxes were stacked all over the store. *Id.* at 52–53. The accident occurred in a wide aisle with numerous large boxes stacked "waist high or

9

higher" in a row near the center of the aisle. *Id.* at 53. At the end of the row, a small box that was eight to ten inches high lay on the floor by itself. *Id.* Price was shopping for picnic supplies on this aisle, and she had not been down the aisle previously that day. *Id.* at 53–54. She gathered her picnic supplies, stepped back from the display counter, and tripped and fell backward over the small box at the end of the row. *Id.* at 53. She did not see the small box prior to her fall because it was hidden from her view by the larger boxes. *Id.* The Dallas Court concluded that Price's undisputed testimony—specifically, that she had not been down the aisle where she fell on that day and that she tripped over a small box hidden from her view by a row of larger boxes—was some evidence raising a fact issue on whether the supermarket failed to keep the premises in a reasonably safe condition for her. *Id.* at 54.

The facts in this case are analogous to those in *Price*. Bergevin's uncontroverted testimony shows that she had not been in the O'Reilly store before the day of the incident, and she tripped and fell over a box hidden from her view by larger floor displays that were approximately three feet high. *See id.* at 53–54; *see also Griffin v. Shell Oil Co.*, 401 S.W.3d 150, 161, 163 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (reversing summary judgment on premises liability claim because of "fact issue as to whether the specific conditions that actually caused Griffin's fall and injuries can be described as 'concealed' or 'hidden'"). O'Reilly attempts to distinguish *Price* by arguing that "Bergevin tripped over a box in a

10

display with a sign on it that is meant to get the customer's attention." We rejected this argument above.

We conclude that O'Reilly did not meet its summary judgment burden to conclusively establish that Bergevin tripped and fell over a box that was open and obvious or known to her. *See Wal-Mart Stores*, 663 S.W.3d at 583 (quoting TEX. R. CIV. P. 166a(c)); *Austin*, 465 S.W.3d at 203. Accordingly, we conclude that the trial court erred by granting summary judgment on Bergevin's premises liability cause of action. *See Wal-Mart Stores*, 663 S.W.3d at 576; *Austin*, 465 S.W.3d at 203.

We sustain Bergevin's sole issue.

## Conclusion

We affirm the trial court's summary judgment order to the extent that it renders a take-nothing judgment on Bergevin's negligence claim. We reverse the portion of the summary judgment order that renders a take-nothing judgment on Bergevin's premises liability claim, and we remand this claim to the trial court for further proceedings.

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.