## FARLEY v. NIX.

### No. 11840.

Court of Civil Appeals of Texas. Galveston.

Jan. 30, 1947.

Kayser, Liddell & Austin and Charles Sapp, all of Houston, for appellant.

Butler, Binion, Rice & Cook and Frank J. Knapp, all of Houston, for appellee.

CODY, Justice.

This is a plea of privilege case involving R.C.S. Article 1995, Subdivision 24, reading:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"24. Carriers.—Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers or the assignees, lessees, trustees or receivers thereof, operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, *or in any county where either does business or has an agent or representative.*" (Emphasis supplied.)

Appellant, hereinafter called plaintiff, sued appellee, hereinafter called defendant, in the county court at law of Harris County, alleging in substance: That defendant resides in Bowie County; that defendant owned a fleet of trucks which he operated as a common carrier over the highways of this and other states; that on October 22, 1945, plaintiff employed defendant as a common carrier for hire to transport safely certain machinery from Camden, Arkansas, to East Bernard, Texas; that defendant damaged said machinery to the amount of $228 while so transporting it.

Defendant seasonably filed his plea of privilege to be sued in the county of his residence. Plaintiff filed his controverting affidavit, alleging that at the time the cause of action arose, and at all times subsequent thereto, defendant "did and has done business as a common carrier in Harris County, Texas."

The court, trying the contest without a jury, rendered judgment sustaining the plea of privilege; and ordered the case transferred to the county court of Bowie County, from which judgment this appeal is prosecuted. After the rendition of the judgment, plaintiff requested separate conclusions of fact and law. The court filed, as in response to plaintiff's request for the filing of findings of fact and conclusions of law, a statement made by him that the evidence in the case was accurately transcribed in the statement of facts, and that, "I have given weight to all of said testimony, did not disbelieve any of the witnesses, and believe that all of the witnesses who testified told the truth. I conclude, however, that defendant's plea of privilege should be sustained because plaintiff failed to establish that defendant was doing business in Harris County, Texas, within the meaning of" R.C.S. Art.1995, Subd. 24.

The record here shows that at the conclusion of plaintiff's evidence, the defendant failed to introduce any evidence. Plaintiff's evidence was to the effect: that defendant had told plaintiff's office manager, at the time plaintiff's office manager was negotiating with defendant about transporting the shipment here involved, "That he had hauled in here (Houston) for different people in Houston, and told me the names of two or three, but I don't recall them." Two other witnesses testified for plaintiff that they saw, respectively, trucks bearing defendant's name thereon upon the highway in Harris County. The shipment here in question occupied three trucks, and passed through Houston, and Harris County.

Plaintiff predicates his appeal upon a single point, reading: "The error of the court in sustaining defendant's plea of privilege upon the ground that plaintiff failed to show that defendant was doing business in Harris County, since the undisputed and uncontradicted evidence established that defendant was doing business in Harris County."

The point must be sustained.

## Opinion

No fact issue, as such, arose in the trial of the contest. This is true because defendant offered no evidence contrary to the evidence introduced by plaintiff. Such failure upon the part of defendant to offer any rebutting evidence was the legal equivalent of invoking a demurrer to plaintiff's evidence. And whether or not plaintiff had made out a prima facie case was a question of law, to be determined upon the assumption that plaintiff's evidence was true, and the inferences most favorable to plaintiff, which his evidence would reasonably bear, must be indulged. Plaintiff's evidence could not, on the question of whether it made a prima facie case, be evaluated as upon the preponderance of the evidence. See Byers Bros. v. Wallace, 87 Tex. 503, 508, 28 S.W. 1056, 29 S.W. 760. The Rule that the inferences most favorable to the trial court's judgment, which the evidence will reasonably bear, will be indulged in support of the judgment, does not apply.

Plaintiff offered direct evidence to the effect that defendant had a permit to do business in Texas as a common carrier. That was one of the things defendant told plaintiff's office manager, at the time defendant told him that he had hauled into Houston for different people, naming two or three of them. But in order to make out the rest of his case the plaintiff relied on the evidence of circumstances from which he endeavored to have the inference drawn that defendant was doing business in Harris County within the meaning of Subd. 24, Art.1995. In this category falls the testimony of plaintiff's two witnesses to the effect that they had seen on separate occasions two instances of trucks on the highway in Harris County, which bore defendant's name. From such evidence it could reasonably be inferred that the trucks in question belonged to defendant, and the drivers were his employees. See J. H. Robinson Truck Lines v. Jones,

Tex.Civ.App., 139 S.W.2d 127, 129, and authorities there cited. Since the defendant chose to rely upon the insufficiency of plaintiff's evidence, and did not question its truth, the evidence must be taken to be true. And upon the same principle, the inference which was most favorable to plaintiff which the evidence would reasonably bear must be drawn therefrom. Furthermore, from the nature of the case it would seem that the defendant must have been in possession of evidence which would show whether he was operating the trucks in Harris County at the time testified to by plaintiff's two witnesses. See Texas Unity Oil Co. v. Dolman, Tex.Civ.App., 8 S.W. 2d 815, at page 817. We hold that the evidence referred to, when considered in the light most favorable to plaintiff, will support the inference that the trucks, about which the two witnesses testified, belonged to, and were operated by defendant.

■ It was undisputed that the defendant hauled the shipment here in question upon the highway in Harris County. The shipment occupied three trucks. And it was further undisputed that defendant told plaintiff's office manager that he had hauled into Houston for various people, and named two or three of such people. We have reached the conclusion that plaintiff's evidence will support the further inference that defendant was doing business in Harris County, within the meaning of Subd. 24, Art. 1995, R.C.S. The leading case on the evidence necessary to make out a prima facie case under said subdivision where reliance is principally upon proof of circumstances, such as hauling, is Mayhew v. McFarland, 137 Tex. 391, 153 S.W.2d 428, 431.

■ In the cited case, the Supreme Court said: "The testimony shows that Mayhew had hauled freight in his truck in Parker County at least three different times. This testimony prima facie shows that he was 'doing business' as defined in Exception 24, supra, and, therefore, that he was subject to the jurisdiction of the courts of Parker County." We have concluded that the statement of defendant to plaintiff's office manager, at the time he was questioned about his permit to operate in Texas as a common carrier, to the effect that he had hauled into Houston for people, naming two or three of them, when taken together with the shipment here involved, shows at least three instances of hauling freight in Harris County, and the inference that must be drawn from such evidence establishes that defendant was doing business as a common carrier in Harris County so as to make him answerable in the courts of Harris County. The evidence given by plaintiff's witnesses who testified to seeing trucks bearing defendant's name upon the highway in Harris County was at least cumulative evidence. Defendant must be taken to have had the evidence in its possession which would show whether it was using said mentioned trucks to do business as a common carrier on the highway in Harris County. And failure of defendant, therefore, to produce rebutting evidence does itself have probative force on the issue. Texas Unity Oil Co. v. Dolman, supra. Of course, before this last-mentioned rule operates the plaintiff must bring sufficient proof to prima facie sustain his cause of action. Barrera, Adm'r, v. Gannaway, 130 Tex. 142, at page 145, 105 S.W.2d 876; 17 Tex.Jur., pp. 306, 307.

In our opinion plaintiff's evidence was sufficient to show that he was "doing business" in Harris County, as defined in Subd. 24, supra. The record here shows that when plaintiff "rested," defendant "closed." Plaintiff's motion for rehearing is granted, the former judgment of this court sustaining the trial court's judgment is set aside, and our former opinion is withdrawn; and judgment is now rendered reversing the trial court's judgment, and it is here ordered that defendant's plea of privilege be overruled.

Motion for rehearing granted, former judgment set aside, and opinion withdrawn, and cause reversed and rendered.