348

## BANKS v. COLLINS.
### No. 6641.

Court of Civil Appeals of Texas. Texarkana.
Oct. 9, 1952.

On Rehearing Nov. 27, 1952.

On Motion for Rehearing May 21, 1953.

Harkness & Friedman, Bunyan L. Hutchinson and Jim Lindsey, Texarkana, for appellant.

Atchley & Vance and Robert S. Vance, Texarkana, for appellee.

PER CURIAM.

This appeal attacks the action of the trial court which sustained the plea of privilege of appellee, T. C. Collins, defendant below, and transferred the cause to Morris County, Texas, alleged residence of defendant. Plaintiff's pleadings for recovery of damages growing out of the death of James M. Banks, the husband and father of plaintiffs, is grounded on the alleged negligence of one W. W. Roach, the alleged servant and employee of defendant. Plaintiffs alleged that this alleged servant and employee while acting within the scope of his employment of defendant negligently operated a truck of defendant and by reason of such alleged negligence collided with an automobile being operated by the deceased which resulted in his almost instant death.

Sec. 9 of Vernon's Ann.Civ.St. Art. 1995, under which plaintiffs sought to sustain venue in Bowie County and reaffirms on this appeal, provides: "A suit based upon a crime, offense, or trespass, may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

According to the testimony of Will Rabb, a witness for plaintiffs, the only witness who testified on the hearing, he saw a truck which was travelling east attempted to pass a car in front of the truck which was also going east but pulled back in the line of traffic on approach of a car coming from the east; that he later saw this same truck pull out to the truck's left or in the line of approaching traffic. This witness. who was in a car was crossing the highway and as witness crossed the highway going north he was looking to the east, being the side he was riding on and saw the two attempts of the truck to pass as above stated. This witness. after he had crossed over to the north side of the highway then proceeded to the west on a rural road parallel to the highway. He thought he had gone about 50 feet up this dirt road when he heard a crash. He was not looking and did not see the crash. This accident occurred on Highway 67, in Bowie County, Texas, a few miles west of Texarkana, around 5 A.M. The headlights on motor vehicles enabled him, according to his testimony, to see the movement of the cars. as related by him. After he heard the crash, he returned with his companion, with whom he intended to go squirrel hunting, to the place of the collision.

When he returned to the scene, Roach, the alleged driver of the truck was seated in the truck. The record is silent as to whether he made any statement to this witness at the scene. The truck with its. trailer was then on the north side of the highway. The nose of the truck was pointed south. Most of the truck and

trailer was in the ditch just north of the north shoulder of the highway. None was on the paved portion. A small part rested on the shoulder of the highway. Both truck and trailer had turned over on the right side and its load of lumber spilled on the ground near by the north of the shoulder. Some spattered glass was found in the north lane or the right hand side of the highway in going west. The Ford car in which deceased was travelling west was resting in the center of the highway almost squarely on the two center marked lines. Motor oil was found on the south side of the highway, and further in a southerly or maybe in a southwesterly direction the motor to the Ford then rested on the shoulder on the south side of the highway. Deceased was located under or near the truck. He had been squashed to death in the mud.

Appellant's and appellee's briefs are both directed to the issue of negligence. The trial court filed no findings of fact, none being requested. "If, owing to the absence of conclusions of law, it does not appear on what ground the trial court based its judgment, an affirmance will be ordered if there is any ground upon which the judgment can be properly rested." "A judgment will be affirmed if a correct result has been reached regardless of the ground upon which such judgment has been rendered." 3 Tex.Jur. (Appeal and Error), Sec. 792. It therefore becomes unnecessary to dispose of this issue of negligence presented in the respective briefs. In view of a trial on the merits in which this issue will be more fully developed we refrain from a discussion of the evidence.

The petition alleges that the driver of the truck was the agent, servant and employee of defendant T. C. Collins and that this driver while acting in the scope of his employment committed the alleged acts of negligence. The evidence introduced wholly fails to connect defendant Collins with either the truck as the owner or with the driver of the truck as his agent, servant or employee. In such respects the record is silent. Collins is the only defendant. To establish at least a prima facie case against Collins, the defendant, the burden rested upon plaintiffs who alleged the same. 5 Tex.Jur., p. 770, Sec. 152; 5 Tex.Jur. p. 758.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

WILLIAMS, Justice.

The stipulation with respect to agency mentioned in the concluding paragraph of the original opinion was entirely overlooked at that time.

It is deemed unnecessary to add to the facts and circumstances than as already stated. In this action based on an active trespass allegedly committed in Bowie County, Texas, we are of the opinion that the alleged facts and circumstances hereinbefore detailed are sufficient in the absence of any evidence to the contrary to make a prima facie case of active negligence as alleged, sufficient to sustain venue in Bowie County, Texas. As stated in Jarvis-Tull Co. v. Williams, Tex.Civ.App., 114 S.W.2d 1218, 1220, "At most, it [evidence] was only necessary to show a probable recovery." "Whether or not plaintiff had made out a prima facie case was a question of law, to be determined upon the assumption that plaintiff's evidence was true, and the inferences most favorable to plaintiff, which his evidence would reasonably bear, must be indulged." Farley v. Nix, Tex.Civ.App., 199 S.W.2d 670, 671. See also Traylor v. Brentzel, Tex.Civ.App., 218 S.W.2d 261; Straus-Bodenheimer Co. v. Marshall, Tex. Civ.App., 91 S.W.2d 865.

For the reasons above stated, appellant's motion for re-hearing is granted, the decree formerly entered affirming this cause is set aside, and the judgment of the lower court is reversed, and judgment now rendered that the plea of privilege urged by T. C. Collins be in all things overruled and venue shall rest in Bowie County, Texas.

### On Rehearing.

In recognition of the answers made by the Supreme Court to our certified questions, made on April 15, 1953, in cause No. A–4052, and reported in Tex.Sup., 257 S. W.2d 97, our former decree dated Novem-

ber 27, 1952, wherein the judgment of the trial court was reversed and venue adjudged to be in Bowie County is now vacated and set aside.

In pursuance to the answers of the certified questions, the judgment of the trial court which sustained the plea of privilege is affirmed, and the clerk of the district court is directed to transfer and lodge all court papers in the cause with the district court of Morris County, Texas.