**J. H. HINSLEY, Appellant,**

v.

**CONTINENTAL TRAILWAYS BUS SYSTEM, Appellee.**

No. 13100.

Court of Civil Appeals of Texas.

. Galveston.

May 23, 1957.

Rehearing Denied June 13, 1957.

P. Harvey, Houston, for appellant.

Sam W. Cruse, Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellee.

HAMBLEN, Jr., Chief Justice.

Appellant instituted this suit in the District Court of Harris County to recover damages for alleged personal injuries which he claimed he sustained while a passenger on appellee's bus. His injuries were alleged to have been sustained when another passenger, allegedly intoxicated, undertook to remove a heavy chest or suitcase from a luggage rack over appellant's head and allowed such chest or case to fall and strike appellant. The appellee joined issue with appellant as to all allegations made, and the. evidence offered before the

trial court consisted primarily of evidence in support of appellee's contention that the accident or incident alleged by appellant did not in fact occur. Trial was before a jury and at the conclusion of the evidence the cause was submitted to the jury in seven special issues. Special Issue No. 1 was in the following form: "Do you find from a preponderance of the evidence that the plaintiff Hinsley was struck by a suitcase on the defendant's bus at Port Lavaca?" In response to this Issue the jury answered, "We do not." All other issues submitted, being predicated upon an affirmative answer to Special Issue No. 1, were not answered and judgment on the verdict was entered that appellant take nothing.

On this appeal by four points of error appellant complains of the action of the trial court in admitting testimony by the witness W. C. Carlisle, who is identified as manager of the appellee's bus company, relative to the size of the baggage rack on a bus which the witness stated was similar to that on which appellant was a passenger and to the admission by the court of a photograph purporting to picture the witness Carlisle undertaking to place a piece of luggage, similar to that alleged by appellant to have fallen upon him, within such luggage rack. We have very carefully examined the record in this case and find that appellant's points of error are without merit and must be overruled.

■■ His points directed to the asserted error in the admission of the testimony of the witness Carlisle are overruled for the following reasons: First, an examination of the witness' testimony shows that it is not subject to any of the objections made by appellant in his brief, his principal complaint being that the witness did not testify with reference to the identical bus upon which the accident was alleged to have occurred, but testified with reference to another bus which bus, however, the witness stated was similar to that on which the accident was alleged to have occurred. Appellant's objection at best goes only to the weight to be given testi-mony of a witness and not to the admissibility thereof. Second, aside from the matters mentioned above, in examining the statement of facts it is disclosed that appellant made no objection whatsoever to the testimony at the time it was offered. It appears to be well established that objections to the admissibility of evidence not made before the trial court cannot be first urged in this Court as a ground for reversing the judgment. Hill v. Baylor, 23 Tex. 261; Seymour v. Texas & N. O. R. Co., Tex.Civ.App., 209 S.W.2d 814, error refused; Barton v. Bailey, Tex.Civ.App., 202 S.W.2d 277, error refused; Barrera v. Duval County Ranch Co., Tex.Civ.App., 135 S.W.2d 518, error refused.

■■ Appellant's complaints directed to the admission in evidence of the photograph above mentioned are likewise unsustainable. In the first place, the photograph was offered in connection with the testimony of the witness Carlisle. He identified the photograph as being a correct reflection of the conditions existing on a bus identified as being in all respects similar to that on which the accident was alleged to have occurred. Appellant's objections, therefore, go only to the weight to be given the evidence and not to the admissibility thereof. Aside, however, from that consideration the record reflects that appellant failed to bring up as a part of the appellate record before this Court the photograph which was objected to. In 3 Amer. Jur., Sec. 591, p. 223, it is said:

"Exhibits which are introduced in evidence in the case, or excluded therefrom, must be brought before the reviewing court in the record if the action of the lower court is to be reviewed. This rule applies to patents, blue prints, maps, etc."

In Vol. 3–A, Tex.Jur., p. 526, it is said:

"If photographs or maps or plats introduced in evidence are not brought up with the record, they will be presumed to have shown facts sustaining the judgment, and the court may decline to consider assign-

ments of error questioning the sufficiency of the evidence."

In oral argument before this Court, appellant makes the assertion that the testimony of the witness Carlisle, of which he complains, was hearsay evidence and therefore insufficient to support the jury's answer to Special Issue No. 1, even though not objected to. This position is untenable for the reason that the issue as framed properly casts the burden of proof upon the appellant and the negative answer of the jury thereto does not in any respect depend upon the testimony of which appellant now complains.

It is ordered that the judgment be in all respects affirmed.