**Fernando GARZA, d/b/a Garza Texaco Service Station, Appellant,**

v.

**Alfredo GUEVARA, Appellee.**

**No. 14635.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 8, 1967.

Rehearing Denied Dec. 6, 1967.

House, Mercer, House & Brock, San Antonio, Delno Grosenheider, Austin, for appellant.

Oscar J. Pena, Laredo, for appellee.

BARROW, Chief Justice.

Appellant complains of a take-nothing judgment entered after a non-jury trial in his suit to recover for damages sustained to his pick-up truck in a two-vehicle collision at an intersection in the City of Laredo. Findings of fact and conclusions of law were filed by the trial court whereby the trial court concluded that appellant (plaintiff) had failed to prove any act of primary negligence.

Appellant asserts six points of error. By his first three points, appellant urges that,

as a matter of law, defendant (appellee) failed to yield the right-of-way, failed to keep a proper lookout, and failed to keep his automobile under proper control. Under his next two points, appellant urges that there is no evidence, or insufficient evidence, to support a finding of contributory negligence. In his sixth point, appellant complains of the trial court's finding that the testimony of appellant's witness Raquel Gonzalez should be accorded little weight.

The collision occurred on February 19, 1966, at the intersection of Matamoros and Santa Ursula Streets shortly after the conclusion of the Washington's Birthday Celebration parade. Defendant was proceeding south on Santa Ursula with the intention of turning to the east on Matamoros. Plaintiff was proceeding east on Matamoros. The west-bound traffic on Matamoros was very congested leading away from the downtown area, with traffic backed up for over a block in and to the west of this intersection. Defendant stopped at a stop sign on Santa Ursula and then proceeded into the intersection in a space left between two west-bound vehicles stopped on Matamoros. The impact occurred just south of the center line of Matamoros and about ten feet east of the west boundary line of Santa Ursula, with the right front of defendant's automobile contacting the left front of plaintiff's truck.

Three witnesses testified at the trial: plaintiff, defendant and Miss Gonzalez. Each of these witnesses testified by extensive use of a blackboard, and since the diagrams made on this blackboard as to the location of vehicles at various critical times prior to the collision have not been brought forward in any manner, we do not have a complete statement of facts. In Gordon v. Aetna Casualty & Surety Co., 351 S.W.2d 602 (Tex.Civ.App.—Eastland 1961, writ ref'd), it was held that where the record did not contain all the evidence material to the point urged as error, the appellate court was required to treat the appeal as one without a statement of facts, and the judgment was affirmed. See, also, Boyd v. Robinson, 304 S.W.2d 430 (Tex.Civ.App.—Waco 1957, no writ); Hinsley v. Continental Trailways Bus System, 302 S.W.2d 668 (Tex.Civ.App.—Galveston 1957, no writ); 3 Tex.Jur.2d, Appeal and Error, Civil, § 411.

■ Here the trial court found that the testimony of defendant was "substantially corroborated by the credible testimony and the exhibits and diagram presented before the Court; that he had stopped at the Stop sign, proceeded into the intersection, was turning to the left, was in the plaintiff's lane of traffic, and was hit by the plaintiff, the plaintiff hitting him with the left fender." The defendant testified that when he started into the intersection he saw the truck of plaintiff about half a block away from the intersection.

We cannot say from the partial statement of facts before us that appellant established as a matter of law that appellee was guilty of negligence proximately causing the collision.

■ The trial court found that the testimony of the witness Miss Gonzalez was confusing, conflicting and inconsistent; that she had a pecuniary interest, since she received a substantial sum for repair of appellant's truck; and after observing her demeanor on the witness stand the court determined that her testimony was entitled to little weight. This was within the province of the trial court as the trier of the facts. In any event, there is nothing in her testimony that would establish negligence as a matter of law against the defendant. She did not even contradict his testimony that he had stopped at the stop sign.

The judgment of the trial court is affirmed.