YOUNG, J., not participating.

**E. L. YOUNG, Jr., Appellant,**

**v.**

**Lenon Cary STAFFORD et al., Appellees.**

**No. 826.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 27, 1973.

Rehearing Denied July 18, 1973.

Ronald G. Byrnes, Byrnes, Myers, Adair, Campbell & Sinex, Houston, Thomas W. Pollard, Pollard & Pollard, Kerrville, for appellant.

Kenneth J. Will, Frank B. Stahl, Jr., Houston, for appellees.

COULSON, Justice.

This is an appeal from a take-nothing judgment rendered in a suit for damages for injuries to person and property. The suit was occasioned by a collision involving an automobile driven by E. L. Young, Jr., plaintiff, and a truck driven by Lenon Cary Stafford, Jr., an employee of Colony Paints, Inc. and/or Conchemco, Incorporated, all of whom are defendants.

The collision occurred in Harris County, Texas at the intersection of South Loop and an unnamed street that feeds into the Gulf Freeway. The intersection does not contain a signal light and is otherwise uncontrolled. The plaintiff was proceeding east on South Loop. The truck operated by the defendant Stafford had been proceeding west on South Loop when he activated his left turn light and entered a protected area for vehicles turning left into the unnamed street which feeds into Gulf Freeway. The defendant Stafford continued his left turn across the eastbound lanes of South Loop when the front of the plaintiff's automobile struck the right rear of the defendants' truck.

The case was tried before a jury. The jury found in response to special issue number 1 that Stafford began to turn left when the vehicle driven by Young was within the intersection or approaching so closely as to constitute an immediate hazard, and to special issue number 2 that the failure of Stafford to yield to the vehicle driven by Young was a proximate cause of the occurrence. The jury did not find that Stafford failed to keep such a lookout as a person using ordinary care would have kept. The jury found in response to special issue number 5 that Staffford failed to make such application of the brakes as a person using ordinary care would have made, and to special issue number 6 that such failure was a proximate cause of the occurrence.

The jury found in response to special issue number 7 that on the occasion in question Young failed to keep such a lookout as a person using ordinary care would have kept and, to number 8 that such failure was a proximate cause of the occurrence. The jury did not find that Young was driving at a greater rate of speed than a person using ordinary care would have driven or that E. L. Young failed to make such timely application of the brakes as a person using ordinary care would have made. The jury found in response to special issue number 13 that Young failed to turn to the left before the occurrence but did not find in response to special issue number 14 that such failure was negligence.

The plaintiff filed a motion for judgment non obstante veredicto and requested that the court disregard the jury's answers to special issues numbers 7 and 8 because there was no evidence to support the submission of such issues or that there was insufficient evidence to support the submission of such issues or that the jury's answers to such issues were contrary to the overwhelming weight of the evidence. The plaintiff's motion for judgment non obstante veredicto was not granted.

The court granted the defendants' motion for judgment based upon the verdict of the jury and entered judgment that the plaintiff, E. L. Young, Jr., take nothing by his suit. The plaintiff excepted and gave notice of appeal.

The plaintiff timely filed a motion for new trial asserting that there was no evidence to support the submission of special issues 7 and 8 and that there was insufficient evidence to support the jury's findings on special issues 7 and 8. The plaintiff's motion for new trial was overruled by operation of law.

The plaintiff has asserted 4 points of error. Points I and II may be summarized as contending that there was "no evidence" to support the jury's answers to special issue number 7 and special issue number 8 and that the trial court should have granted the plaintiff's motion for judgment non obstante veredicto. Points III and IV may

be summarized as contending that there was "insufficient evidence" to support the jury's answers to special issue number 7 and special issue number 8 and, therefore, the cause should be remanded for new trial.

■ In deciding the "no evidence" points the Court of Civil Appeals must view the evidence in its most favorable light in support of the jury's findings on special issues numbers 7 and 8. The Court will consider only the evidence and the inferences which support the findings and will reject the evidence and inferences which are contrary to the jury's findings on said issues. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914). See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

■ The Court has reviewed the evidence as reflected by the statement of facts and concludes that there is evidence to support the jury's finding that the plaintiff Young failed to keep such a lookout as a person using ordinary care would have kept and that such failure was a proximate cause of the occurrence. The appellant's points of error I and II, the "No Evidence" points, are overruled.

■ In deciding the "Insufficient Evidence" points the Court of Civil Appeals must consider and weigh all of the evidence in the case. The evidence supporting the jury's findings is to be weighed along with the other evidence in the case, including that which is contrary to the verdict. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

This Court has endeavored to discharge its duty in deciding the "Insufficient Evidence" points by weighing all of the evidence in the case. However, all of the evidence in the case which was presented before the jury and the judge of the trial court is not before this Court and can not be brought before this Court.

Immediately after the plaintiff was sworn as the first witness and was identified to the jury, he was requested by the plaintiff's attorney to draw on a blackboard a diagram of the location of the accident. The plaintiff fulfilled the request. The plaintiff's testimony before the jury concerning the accident relates to the diagram on the blackboard. W. J. Spaulding, an officer with the City of Houston Police Department who investigated the accident and who was called to testify by the plaintiff, based his testimony, in part, on the diagram which was on the blackboard. Mr. Jack M. Wallace, a witness called by the plaintiff who was the plaintiff's superior at his place of employment and who was in a separate vehicle about 3 to 4 car lengths behind the plaintiff at the time of the accident, gave testimony which was dependent on the diagram on the blackboard. The defendant, Lenon Cary Stafford, Jr., when called by the plaintiff as an adverse witness, was asked questions which relate to the diagram on the blackboard.

■ The diagram on the blackboard is not before this Court. It was before the jury and the trial judge. It could have been preserved by a photograph which could have been marked as an exhibit and introduced into evidence. This was not done. In ruling upon the "Insufficient Evidence" points this Court is confronted with the review of an "incomplete statement of facts." We must presume that there was evidence to support the jury's findings when we are confronted with an incomplete statement of facts. Englander Co. v. Kennedy, 424 S.W.2d 305 (Tex.Civ. App.—Dallas 1968, writ ref'd n. r. e. 428 S.W.2d 806); Garza v. Guevara, 421 S. W.2d 691 (Tex.Civ.App.—San Antonio 1967, no writ; 3 Tex.Jur.2d Appeal and Error—Civil Section 410–412 (1959).

■ The Texas Rules of Civil Procedure 428 and 429 authorize amendment of the record if anything material to either party is omitted from the statement of facts. However, in the case at bar the diagram

used by each witness to the accident was on a blackboard and the diagram is presumed to have been erased. It can not be produced because it is forever lost. There are many means available to litigants to preserve such testimony for review on appeal. A few of such means include photographing of the blackboard diagram, as above indicated; the use of chart paper, rather than a blackboard, with different colored crayons or ink coded for each witness; the introduction into evidence of a plat prepared from a survey of the accident scene, used as the basis for further testimony; the introduction into evidence of reproductions of relevant surveys, maps, plats, plans and specifications from the records of federal, state, county or municipal authorities; and the introduction into evidence of aerial photographs. The elimination of inaccuracy is important to all parties to a trial. The creative minds of resourceful attorneys should be dedicated to the perfection of accurate records for review by appellate courts if points of error are to receive fair consideration and just rulings.

In the case at bar in considering both his "No Evidence" and "Insufficient Evidence" points of error, this Court has carefully reviewed the briefs, the transcript, the statement of facts and the exhibits which were introduced. Although we do not have the advantage of the diagram, we find testimony upon which to overrule the "No Evidence" points. The plaintiff Young testified that he had stopped at a red light approximately 350 feet from the point of impact. After the light turned green he accelerated and continued to do so until about 20 to 25 to 30 feet from the point of impact. His speed he estimated at 15 to 20 miles per hour. His witness Wallace estimated the speed at 30 to 35 miles per hour. The defendant stated that he was going west on South Loop about 30 to 35 miles per hour, and that about 100 feet before making his left turn, he activated his left turn indicator, reduced his speed and entered the left turn lane, at which time he saw the defendant starting up from the light which had just turned green. The plaintiff testified the stop light was 350 feet from the point of impact. The defendant testified that he reduced the speed of his truck to about 10 miles per hour in the left turn lane but did not come to a stop. He proceeded to turn left at about 5 to 6 miles per hour and in the process of turning observed from the mirror on the right side of his cab that the plaintiff was not slowing but was continuing to accelerate. The defendant stated that he then attempted to increase the speed of his truck and was almost clear of the plaintiff's traffic lane when the plaintiff's auto hit the right rear of the truck. The plaintiff testified that the witness Wallace was behind him, that another car was on plaintiff's right and that the front of the other vehicle was even with plaintiff's right door. The other vehicle did not hit the defendant's truck although the truck would have completely blocked the lane to plaintiff's right. The plaintiff testified that after leaving the light he was about one-third of the distance from the point of the collision when he saw the defendant's truck with his left turn light blinking. Because he thought the defendant would stop, the plaintiff continued to accelerate until the defendant turned left in front of plaintiff. The plaintiff testified that he applied his brakes with both feet about 20 to 25 to 30 feet from the point of impact. Plaintiff's witness Wallace testified that he was 3 to 4 car lengths behind the plaintiff, Young, that he saw the defendant's truck turn left into the path of Young, and that after the defendant started to turn left Young continued to accelerate and did not apply his brakes until just prior to the collision. Wallace's vehicle did not collide with either Young's auto or Stafford's truck. Wallace also testified that another vehicle was situated to the right and to the rear of Young's automobile which other vehicle did not collide with defendant's truck.

Based on the testimony which is in the record there is evidence to support the ju-

ry's finding that Young failed to keep a proper lookout and that such failure was a proximate cause of the collision. The judge of the trial court properly failed to grant the plaintiff's motion for judgment non obstante veredicto.

Based on an examination of the briefs, the transcript and the incomplete statement of fact and relying on the presumptions that follow from an incomplete statement of facts, we overrule the appellant's "Insufficient Evidence" points being points of error III and IV. We conclude that the jury's answers to special issues numbers 7 and 8 finding, respectively, that on the occasion in question E. L. Young, Jr. failed to keep such a lookout as a person using ordinary care would have kept and that such failure was a proximate cause of the occurrence in question are not "against the great weight and preponderance of the evidence."

The judgment of the trial court is affirmed. The costs are taxed against the appellant.