**PADRE DRILLING COMPANY, INC., Appellant,**

v.

**BROWN OIL TOOLS, INC., et al., Appellees.**

No. 15206.

Court of Civil Appeals of Texas, San Antonio.

July 18, 1973.

Rehearing Denied Sept. 12, 1973.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

Cox, Smith, Smith, Hale & Guenther, Inc., San Antonio, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellees.

BARROW, Chief Justice.

A venue action. Appellant filed suit in the 79th District Court of Brooks County against Dow Chemical Company, appellee Brown Oil Tools, Inc., a Texas Corporation, and appellee Tesoro Petroleum Corporation, a Delaware Corporation, whereby it sought to recover for the loss of its rig and other personalty as the result of a blowout and subsequent fire on a wildcat oil well being drilled on January 20, 1970, in Brooks County. A plea of privilege was filed by Brown to remove the claim against it to Harris County, and Tesoro sought to remove the claim against it to Bexar County. Appellant duly controverted said pleas of privilege and urged that venue lies in Brooks County under Subdivision 9a and Subdivision 23 of Article 1995, Tex.Rev.Civ.Stat.Ann. The trial court, after a nonjury hearing, sustained both pleas of privilege, ordered the suit severed, transferred the claim asserted against Brown to Harris County, and transferred the claim against Tesoro to Bexar County.[1]

Appellant urges four assignments of error on this appeal wherein it asserts that venue was established against each appellee under both Subdivision 9a and Subdivision 23. It thereby urges that the evidence conclusively establishes the venue facts necessary to maintain venue as to both appellees under each of these exceptions to the general venue statute.

It is necessary at the outset to determine the character of appellate review we are required to make in this case. Appellant urges that since appellees did not offer any controverting evidence at the hearing, a presumption will not be indulged to support the order sustaining appellees' pleas of privilege. In support of such theory, it cites Stephens v. Coppock, 212 S.W.2d 879 (Tex.Civ.App.—Dallas 1948, no writ), and Farley v. Nix, 199 S.W.2d

1. The trial court also sustained the plea of privilege and transferred Brown's cross-action against Tesoro to Bexar County. The court further sustained Brown's plea and transferred Dow Chemical's cross-action against Brown to Harris County. A cross-action filed by Brown against Dow Chemical and Coastal States Gas Producing Company was also transferred to Harris County, although Coastal States was not a party to the plea of privilege hearing. No complaint has been presented to any action of the trial court other than this appeal by Padre Drilling Company.

670 (Tex.Civ.App.—Galveston 1947, no writ).

A similar theory was rejected by the Supreme Court in the oft-cited case of Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). It was there expressly held that the test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case. If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. See also: Neuhaus v. Daniels, 430 S.W.2d 906 (Tex.Civ.App.—Amarillo 1968, writ dism'd); Gray v. Gulf Oil Corp., 416 S.W.2d 875 (Tex.Civ.App.—Fort Worth 1967, no writ); Monroe v. Mercer, 414 S.W.2d 756 (Tex.Civ.App.—Houston 1967, writ dism'd); Benavides v. Holly Sugar Corp., 302 S.W.2d 946 (Tex.Civ.App.—San Antonio 1957, writ dism'd).

■ Since there were no findings of fact, we must presume, on this appeal, that the trial court resolved all issuable facts in such a way as to support the sustaining of each appellee's plea of privilege. Under Subdivision 9a, appellant was required to establish by a preponderance of the evidence that an act or omission occurred in Brooks County which was a proximate cause of appellant's injuries. 1 McDonald, Texas Civil Practice, Section 4.17.2 (1965 Rev. ed). The statutory venue facts to be established under Subdivision 23 are the elements of a cause of action against said corporate defendants and that said cause of action, or a part thereof, arose in Brooks County. Employers Casualty Co. v. Clark, 491 S.W.2d 661 (Tex.1973); London Properties, Inc. v. Howard-Associated-Page Services, Inc., 474 S.W.2d 580 (Tex.Civ.App.—San Antonio 1971, no writ).

Several companies were involved in the drilling operation at the time of the blowout; but the exact duties of each, as well as their relationship with each other, is not clear in the meager record before us. It is seen that this wildcat well was being drilled by appellant under a written contract with Coastal States. A substantial amount of drill pipe was supplied to Coastal States for use on this well by Arnold Pipe Rental Company, which was merged with Tesoro in July, 1970.[2] At the time of the blowout, the well had reached a depth of 10,462 feet. The well was causing difficulty in that it was kicking mud, and the mud had gas mixed with it. Brown supplied specialized tools, as well as supervisory employees, which were used in trying to control the abnormal gas pressure. Dow Chemical supplied cement and drilling mud, together with supervisory employees.

There is no direct evidence of the cause of the blowout of the well, or of the events occurring on the well site immediately before or after the incident. A driller for appellant was present at such time, but he did not testify. Mr. Poche, vice-president of appellant, went to the well site about 10:00 a. m. on the morning after the blowout and fire. He testified that he picked up four broken pieces of drill pipe which were scattered about the area. These pieces were shipped to Frank Weaver and Associates in Houston. Mr. Weaver, a metallurgist who operates a scientific laboratory involved in failure analysis of metals, testified that his tests demonstrated that the four pieces of drill pipe were below minimum safety specifications of the American Petroleum Institute. He expressed the opinion that the defective pipe was one of the causes of the blowout.

Mr. Billings, president of appellant, was not on the well site at the time of the blowout. However, he testified that one of the causes of the incident was that Brown had placed the cement plug in the wrong place. He based his opinion on a reading

---

2. Under this merger agreement, Tesoro agreed that all debts, liabilities and duties of Arnold attached to Tesoro, and could be enforced to the same extent as if incurred or contracted by Tesoro.

of Brown's log which described the operation performed by Brown.

The only other evidence offered at the hearing on the pleas of privilege was certain answers to interrogatories propounded to Padre, Brown and Tesoro. The relevant evidence which was so offered has been included in the above résumé. Appellant urges that this record establishes that venue is established against Tesoro because Arnold supplied defective pipe, and against Brown because of the faulty cement work.

■ Assuming, without deciding, that Tesoro is responsible for the negligence of Arnold by reason of the merger agreement, the trial court's implied finding of no negligence proximately causing the blowout is supported by evidence of probative force. Although there is evidence that Arnold furnished drill pipe of the size in question to Coastal States for use on this well, the evidence does not conclusively establish that the pipe examined by Mr. Weaver belonged to Arnold. There were no identifying marks on any of this standard size pipe. Clearly, the testimony of Mr. Weaver that the pipe was defective is simply an opinion by this expert witness, which ordinarily does not establish the fact as a matter of law. Gibbs v. General Motors Corp., 450 S.W.2d 827, 829 (Tex.1970).

In any event, the evidence does not conclusively establish that Arnold was negligent in furnishing this drill pipe to Coastal States, in that appellant admitted in response to an interrogatory that the drill pipe was inspected by it prior to use, and there was no indication of any defective condition at this time. See Texas Sling Co. v. Emanuel, 431 S.W.2d 538, 541 (Tex.1968). The trial court could have concluded, from this record, that the well was caused to blow out by excessive gas pressure rather than by defective pipe.

■ Appellant has cited many cases wherein the appellate court affirmed orders overruling pleas of privilege under somewhat similar situations. These cases are not controlling, in view of the adverse ruling in this case. It is not enough for appellant to show, on this appeal, that a finding of negligence would find support in the record. Gray v. Gulf Oil Corp., supra. Appellant has not conclusively established such venue facts in that there is evidence to support the trial court's implied findings to the contrary. Appellant's points complaining of the action of the trial court in sustaining Tesoro's plea of privilege are overruled.

■ Nor have the venue facts been conclusively established against Brown. It must be recognized at the outset that Mr. Billings, as president of appellant, is an interested witness. Strickland Transportation Co. v. Navajo Freight Lines, Inc., 387 S.W.2d 720, 726 (Tex.Civ.App.—Dallas 1965, no writ). The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue of fact to be determined by the trier of facts. James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371, 377 (1960). Such testimony cannot be considered as doing more than raising an issue of fact unless it is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S. W.2d 904 (1943).

The testimony of Mr. Billings, in addition to expressing an opinion, is far from clear, direct and positive. At the outset of his testimony, he assumed " . . . they [Brown] had the cement plug in the wrong place." Nevertheless, the events immediately preceding the blowout, while far from clear and positive in this record, involved decisions and actions of Dow Chemical and the representative of Coastal States, in addition to the Brown employees. Furthermore, it was shown that the gas pressure went back to normal for eight to nine hours after the liner was cemented by

Brown. Under this record, it cannot be said that the evidence conclusively establishes that Brown committed an act of negligence which was a proximate cause of the blowout. Appellant's points complaining of the trial court's order sustaining the plea of privilege of Brown Oil Tools are overruled.

The judgment is affirmed.