E. J. BROSSMAN, Appellant,

v.

Benjamin F. PETTEWAY, Appellee.

No. 893.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1973.

Rehearing Denied Nov. 28, 1973.

---

Don M. Barnett, Robert F. Stein, Jamail & Gano, Houston, for appellant.

Gerald P. Coley, Vinson, Elkins, Searls, Connally & Smith, Donald W. Callahan, Callahan, Mulvihill & Collins, William S. Cox, Eddington & Friloux, Houston, for appellee.

TUNKS, Chief Justice.

On August 14, 1968, the appellee, Benjamin F. Petteway, was dispatched from Kingham Messenger and Delivery Service, Inc. to a construction site in Houston, Texas. He pulled his pickup truck into the site at the corner of Louisiana and Walker Streets in order to make his delivery. It was a contested issue as to whether he was an independent contractor or an employee of Kingham. Petteway was unable to make his delivery (either it was during the lunch hour or he was at the wrong entrance) and found it necessary to back out into traffic. The appellant, E. J. Brossman, was employed at the time with the Houston Police Department and was directing traffic at this intersection. Petteway sought Brossman's assistance in backing out. While this was being carried out, Brossman was pinned between Petteway's truck and a Chrysler automobile, and suffered injuries to his arm and leg.

This Court is placed in a difficult position because of an incomplete statement of facts. Throughout the trial court proceedings references were made to a blackboard on which the configuration of the scene was diagrammed. Neither the blackboard nor a photograph of it was offered in evidence. The points on the blackboard to which witnesses referred were not verbally described so as to make the reference meaningful to this Court. It is therefore difficult to understand exactly how the accident did occur. Apparently, the driver of the Chrysler was proceeding to the north on Louisiana and stopped to obtain directions from Brossman. The light then turned red, and Brossman ordered him to remain where he was until the light became green. A few moments afterwards (the time sequence was quite confused), Brossman began directing Petteway out of the construction site. Petteway was swinging his truck in an arc in order to be able to proceed in a northerly direction. The witnesses were in disagreement as to whether the view from the rear window of his truck was totally obstructed by a canopy. Petteway testified that this obstruction compelled him to rely on his side mirrors in backing up. He claimed that he was concerned about the pedestrian barricade-walkways, which were on each side of the construction site, and that he therefore could not constantly keep Brossman in view in his right mirror. He stated that he did not see the Chrysler and that he heard no shout to stop until after the impact. Brossman testified that immediately before impact he had looked down Louisiana to ascertain whether it was clear and that when he looked back it was too late to avoid being struck.

The case was tried to a jury, which found that neither Petteway nor Brossman was negligent. Accordingly, the trial court

entered judgment that Brossman take nothing. Brossman has appealed to this Court.

All but two of the appellant's points of error assert that the trial court erred in not granting his motion to disregard the jury's negative answers to the issues inquiring as to the negligence of the defendant Petteway. Those points present only questions of law. The trial court could not disregard the jury's negative answers to the primary negligence issues and render judgment for the plaintiff on the rest of the verdict unless the affirmative of one or more of the primary negligence issues and a corresponding proximate cause issue were established as a matter of law. Texas Rules of Civil Procedure 301. In answering the questions presented by those points of error, we must sustain the verdict if the evidence tending to support affirmative answers, when considered alone, does no more than raise fact questions. If there is any evidence of probative value which, considered alone or along with the reasonable inferences to be drawn therefrom, tends to support the negative answers of the jury, then the trial court could not disregard them even if they were contrary to the preponderance of the evidence.

Petteway testified that he was looking from right to left at his mirrors. He sought assistance from Brossman because he realized that the situation involved potential danger. He stated that he was being motioned back by Brossman immediately before impact and that he was driving at a slow rate of speed. He testified of his concern for pedestrians who might emerge from the barricade and, therefore, he could not constantly keep his eye on Brossman. We hold that reasonable minds are not compelled to conclude that Petteway was negligent. The evidence supporting the jury's answers to the special issues certainly amounts to more than a scintilla. We therefore overrule appellant's points of error which are based upon the argument that the evidence estab-

lished as a matter of law that Petteway was guilty of negligence that caused the injuries to Brossman.

In this case, because of the manner in which the blackboard was used as evidence, we have only an incomplete statement of facts. In this circumstance we must presume that there was evidence tending to support the jury's answers to the special issues. Young v. Stafford, 497 S.W.2d 76 (Tex.Civ.App.-Houston (14th Dist.) 1973, no writ).

One of the other two of appellant's points states generally that the trial court erred in overruling his motion to disregard the jury's answers to the primary negligence issues, his motion for judgment notwithstanding the verdict, and his motion for new trial. That point does not comply with Tex.R.Civ.P. 418 and is not given consideration. See Wagner v. Foster, 341 S.W.2d 887 (Tex.Sup.1960).

Appellant also alleges error by the trial court in excluding certain testimony of Petteway's attorney, who had purportedly told appellant's attorney that "my man doesn't know what happened." This statement was allegedly made in informal circumstances in the hallway outside the courtroom. Appellant claims that this statement constitutes an admission by a party and that it was therefore admissible. We do not agree with this contention. It does not appear that the position taken by Petteway at the trial was any different from the statements made by his attorney. He stated several times that he did not know exactly how he hit Brossman, but that he did remember the manner in which he was backing up his truck. As stated above, the record is replete with evidence that Petteway was ignorant of how the impact occurred, so this additional testimony would merely be repetitious. The trial court did not abuse its discretion in excluding the testimony of Petteway's attorney.

The judgment of the trial court is affirmed.