**H. E. BUTT FOOD STORES, INC.,**
**Appellant,**

v.

**Reynaldo VERA et al., Appellees.**

**No. 15353.**

Court of Civil Appeals of Texas,
San Antonio.

Nov. 13, 1974.

Groce, Locke & Hebdon, Damon Ball, San Antonio, for appellant.

Cantu & Hodge, San Antonio, for appellees.

BARROW, Chief Justice.

This is a venue action involving Subdivisions 9a and 23, Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann. (1964). Appellant, a resident of Nueces County, has perfected its appeal from an order entered after a non-jury hearing overruling its plea of privilege. Suit was filed in Bexar County by appellees Reynaldo Vera and wife, Consuelo Vera, individually and as next friend of their minor son, Daniel Vera, to recover damages sustained by Daniel in an accident which occurred on the parking area of a store operated in Bexar County by appellant.

Under Subdivision 9a, appellees were required to establish by a preponderance of the evidence that an act or omission of negligence on the part of appellant in Bexar County was a proximate cause of the accident. The venue facts to be established under Subdivision 23 are the elements of a cause of action against appellant and that said cause of action, or a part thereof, arose in Bexar County. H. E. Butt Grocery Stores, Inc. v. Norwood, 504 S.W.2d 920 (Tex.Civ.App.—San Antonio 1974, no writ); Padre Drilling Co., Inc. v. Brown Oil Tools, Inc., 498 S.W.2d 732 (Tex.Civ.App.—San Antonio 1973, no writ).

Appellant urges by its eighteen assignments of error that there is no evidence to support an implied finding of negligence proximately causing the accident in question, and that appellant did not breach any duty it owed to appellees. It thus urges that appellees did not prove a cause of action; and, therefore, venue is not maintainable in Bexar County under either of the asserted exceptions to the venue statute.

The testimony was very brief and largely uncontradicted. On May 12, 1972, Mrs. Vera went to the HEB store located at 410 N. New Braunfels St., San Antonio, where she had regularly shopped for about ten years. She was accompanied by her eleven-year old daughter, Patricia, and her two-year old son, Daniel. The boy was placed in the seat at the rear of a shopping cart and Mrs. Vera proceeded to select her groceries. The groceries were checked by the cashier and placed in four sacks. These sacks were then placed by the cashier in another, but similar, shopping cart. Mrs. Vera paid the bill and placed the boy in the seat at the rear of this cart. While Mrs. Vera was putting change in her purse, Patricia commenced pushing the cart out the store enroute to the Vera car.

The sidewalk outside the store is flush with the paved parking area, but the parking area slopes toward the street. Mrs. Vera testified that as the cart was being pushed on the incline it went a little bit fast and then Patricia slipped and the cart rolled on until it struck a rise and overturned. The cart fell on the boy's leg whereby his leg was injured.

The only other witness was the store manager, who was not present at the time of the accident and, therefore, had no personal knowledge regarding the accident. He described the physical surroundings of the parking area and some operating procedures of the store. He testified that the store permitted customers to use the shopping carts to carry their groceries to the car. The standard procedure was for the customer to carry his or her groceries to the car. Even though a boy is on duty for this purpose, his services must be expressly solicited by either the customer or by the cashier seeing a need for help. The sidewalk outside the store is perhaps six inches higher than the parking area with a slight incline to push carts down with ease. On the side where Mrs. Vera was parked, the parking area has a slight slope for rain drainage. There had been no accident on the parking area prior to this date.

The trial court made no findings of fact; and, therefore, we must look to appellees' petition for the alleged acts of negligence. If there is evidence of probative force to support the trial court's implied finding that appellant committed any of such alleged acts or omissions and that same was a proximate cause of the accident, the judgment must be affirmed.

Appellees alleged eight acts of negligence. Three of these acts complain of appellant's operating procedures in requiring customers to carry their groceries to their cars and particularly in allowing them, or their children, to use the regular shopping carts for this purpose. Appellees complain by three other allegations that these carts are inadequate to carry groceries to the car and specifically that the cart used here was defective. The other two allegations of negligence assert that the parking area was hazardous because of the incline or slope. These allegations are summarized in appellees' brief as follows:

"It is, however, Plaintiffs' position that maintaining a sloped parking lot and failing to provide assistance and allowing or encouraging the use of grocery carts by children, taken together, under the circumstances of this case is negligent conduct which was foreseeable, dangerous and the proximate cause of injuries sustained by Plaintiff Daniel Vera."

■ Certainly there is no statutory duty, and we know of no common law duty, requiring a grocery store employee to carry purchased groceries to a customer's car. Obviously, it might be good customer relations to at least offer to do so, and furthermore, it might be necessary in some instances to do so. However, no such situation is presented by this record. On the contrary, the testimony of Mrs. Vera is that she voluntarily assumed the responsibility of taking the groceries to her car, personally placed the small boy in the seat of the cart and permitted her eleven-year old daughter to push the cart out of the store. If she had desired help, she could have waited until the young man employed by the store to carry out groceries returned to the store.

There is no showing that the regular shopping carts were inadequate for the purpose of carrying out the groceries. In fact, there is no evidence of any other type cart than that furnished by appellant. The only possible defect in this particular cart was that Mrs. Vera noticed the wheels sometimes moved to the right. Assuming that this was a defect, there is no evidence that such movement had anything to do with the accident. To the contrary, the cart, if anything, moved too easily.

A more difficult question is presented by the allegations that the ramp or parking area was hazardous by reason of the incline. In considering appellant's "no evidence" points, we must disregard the testimony of the store manager that this was only a slight incline to facilitate drainage. Nevertheless, the description by Mrs. Vera is very inadequate. She said that the cart went downhill because there is a "small slope." Later she indicated the angle of the slope with her hands. This hand description is not in the record, although the trial court saw same. Thus the appellate record is incomplete from this standpoint. See Garza v. Guevara, 421 S.W.2d 691 (Tex.Civ.App.—San Antonio 1967, no writ).

Even if we assume that Mrs. Vera indicated a sharp angle of incline, there is no evidence that this was the cause of the accident. Patricia did not testify and there is no evidence in the record as to what caused her to slip. There is no allegation or evidence that she slipped on a slick spot on the incline. Cf. H. E. Butt Grocery Company v. Quick, 396 S.W.2d 541 (Tex. Civ.App.—San Antonio 1965, no writ). Nor is there any evidence that there was a foreign substance on the incline. There was no evidence that anyone else had slipped on the incline. Mrs. Vera herself had used this incline without incident for almost ten years. See Carrell v. Williams, 430 S.W.2d 586 (Tex.Civ.App.—Waco 1968, writ ref'd n. r. e.); Contreras v. H. E. B. Grocery Company, 328 S.W.2d 469 (Tex.Civ.App.—San Antonio 1959, writ ref'd).

■ The duty owed by appellant to Mrs. Vera and her children as invitees on said premises was recently restated by the Supreme Court in Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.1972), as being that set forth in the Restatement of Torts (Second), Section 343 (1965). See also J. Weingarten, Inc. v. Razey, 426 S. W.2d 538 (Tex.1968). There is no evidence in this record to support an implied finding by the trial court that appellant breached such duty by causing or permitting a condition to exist that involved an unreasonable risk of harm to said invitees.

■ Appellees urge by a crosspoint that the trial court erred in denying their motion to have all their requests for admissions of fact taken as admitted because the reply was sworn to by appellant's attorney. Appellees sent to appellant's attorney a written request under authority of Rule 169, Texas Rules of Civil Procedure, (1967), requesting appellant to admit or deny some nineteen requested facts. Appellant promptly admitted all but six of these requests. Four requested facts were denied outright [1] and two others were qualifiedly admitted. This reply was sworn to by the attorney of record for appellant. At the hearing of the plea of privilege, appellees moved the trial court that the attorney was not competent to make said denials and therefore all requests should be taken as admitted. This motion was denied.

Rule 14, Tex.R.Civ.P., (1967), expressly authorizes an affidavit to be made by "either the party or his agent or his attorney." There is no provision in Rule 169 which would prohibit an attorney from executing said affidavit where he avers that the reply is true and correct. The trial court did not abuse its discretion in refusing to take the denied facts as admitted. Appellees' crosspoint is overruled.

The judgment of the trial court is reversed, and this cause is remanded with instructions to transfer same to Nueces County.

---

1. Appellant denied that any of its employees had actual knowledge of the incident; that it knew children were placed on the seats of carts enroute to the customer's car; that appellant encouraged customers to carry their own groceries to their cars; and that appellant had previous notice about the condition of the inclined parking area as affecting grocery laden carts.